## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Shirley Sutter and Glen Sutter, w/h, | : |
| | : CASE NO.: _____ |
| Plaintiff(s) | : |
| v. | : JURY TRIAL DEMANDED |
| | : |
| Cascades Tissue Group – Pennsylvania, Inc., Individually and as Successor-in-Interest to and/or Parent of and/or Responsible Party for Pope & Talbot, Wis., Inc. and/or Plainwell, Inc. | : |
| | : |
| Cascades Tissue, LLC., Individually and as Successor-in-Interest to and/or Parent of and/or Responsible Party for Pope & Talbot, Wis., Inc., Plainwell, Inc. and/or Cascades Tissue Group – Pennsylvania, Inc. | : |
| | : |
| Cascades Holding US, Inc., Individually and as Successor-in-Interest to and/or Parent of and/or Responsible Party for Pope & Talbot, Wis., Inc., Plainwell, Inc., Cascades Tissue Group – Pennsylvania, Inc. and/or Cascades Tissue, LLC. | : |
| | : |
| Metropolitan Life Insurance Co. | : |
| | : |
| Plainwell, Inc. | : |
| | : |
| Pope & Talbot, Wis., Inc. | : |
| | : |
| Pope & Talbot, Inc., Individually and as Successor-in-Interest to and/or Parent of and/or Responsible Party for Pope & Talbot, Wis., Inc. | : |
| Defendant(s) | : |

## DEFENDANT, CASCADES TISSUE GROUP – PENNSYLVANIA, A DIVISION OF CASCADES HOLDING US INC.'S, DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL INTERESTS

Pursuant to Federal Rule of Civil Procedure 7.1, Defendant, Cascades Tissue Group –

Pennsylvania, a division of Cascades Holding US Inc. (incorrectly identified as "Cascades Tissue

22985748.v1

Responsible Party for Pope & Talbot, Wis., Inc. and/or Plainwell, Inc." and "Cascades Tissue, LLC, Individually and as Successor-in-Interest to and/or Parent of and/or Responsible Party for Pope & Talbot, Wis., Inc., Plainwell, Inc. and/or Cascades Tissue Group – Pennsylvania, Inc." and "Cascades Holdings US, Inc., Individually and as Successor-in-Interest to and/or Parent of and/or Responsible Party for Pope & Talbot, Wis., Inc., Plainwell, Inc., Cascades Tissue Group – Pennsylvania, Inc., and/or Cascades Tissue, LLC"), provides the following Corporate Disclosure Statement:

1.  The parent companies of the corporation:

    Cascades USA Inc.

2.  Subsidiaries not wholly owned by the corporation:

    Cascades Holding US Inc. has a 51% interest in Longhorn Paper Packaging LLC and a 50% interest in Best Diamond Packaging LLC.

3.  Any publicly held company that owns ten percent (10%) or more of the corporation:

    None.

Dated: May 20, 2019                     **Respectfully Submitted,**

                            By:     _Joseph Cagnoli, Jr._
                                    Joseph Cagnoli, Jr., Esquire
                                    Gregory M. McNamee, Esquire
                                    **Goldberg Segalla, LLP**
                                    1700 Market Street, Suite 1418
                                    Philadelphia, PA 19103
                                    Tel: (267) 519-6800
                                    Fax: (267) 519-6801
                                    jcagnoli@goldbergsegalla.com
                                    gmcnamee@goldbergsegalla.com

                                    *Attorneys for Defendant,*
                                    *Cascades Tissue Group – Pennsylvania,*
                                    *A Division of Cascades Holding US Inc.*

22985748.v1

## CERTIFICATION OF SERVICE

I, hereby certify that, on May 20, 2019, a true and correct copy of the foregoing document was served via electronic mail upon the following:

Benjamin P. Shein, Esquire
John P. Kopesky, Esquire
Shein Law Center, Ltd.
121 South Broad Street – 21ˢᵗ Floor
Philadelphia, PA 19107
bshein@sheinlaw.com
jkopesky@sheinlaw.com
*Counsel for Plaintiffs*

**Goldberg Segalla, LLP**

By: _____
Joseph Cagnoli, Jr., Esquire

# EXHIBIT "A"

SHEIN LAW CENTER, LTD.                          :   JURY TRIAL DEMANDED
BY:  BENJAMIN P. SHEIN, ESQUIRE                 :
Attorney Identification No. 42867               :
121 South Broad Street, 21st floor              :
Philadelphia, PA 19107                          :   
(215) 735-6677                                  :   Attorney for Plaintiffs
                                                :
Firm No. 99977                                  :
                                                :
                                                :
SHIRLEY SUTTER and                              :   COURT OF COMMON PLEAS
GLEN SUTTER, w/h                                :   PHILADELPHIA COUNTY
176 Circle Dr.                                  :
Harding, PA 18643                               :   SEPTEMBER TERM, 2017
                                                :
                                                :
                v.                              :   NO. 1560
                                                :
CERTAINTEED CORPORATION                         :
20 Moores Road                                  :
Malvern, PA 19481                               :   ASBESTOS CASE
                                                :
CASCADES TISSUE GROUP – PENNSYLVANIA,           :
INC., Individually and as Successor-in-Interest to and/or :
Parent of and/or Responsible Party for POPE &   :
TALBOT, WIS., INC. and/or PLAINWELL, INC.       :
c/o CT Corporation Systems                      :
600 N. 2nd St., Suite 401                       :
Harrisburg, PA 17101                            :
                                                :
CASCADES TISSUE, LLC., Individually and as      :
Successor-in-Interest to and/or Parent of and/or :
Responsible Party for POPE & TALBOT, WIS., INC., :
PLAINWELL, INC. and/or CASCADES TISSUE          :
GROUP – PENNSYLVANIA, INC.                      :
c/o Cascades Holding US, Inc.                   :
P.O. Box 6000                                   :
Pittston, PA 18640                              :
                                                :
CASCADES HOLDING US, INC., Individually and as  :
Successor-in-Interest to and/or Parent of and/or :
Responsible Party for POPE & TALBOT, WIS., INC., :
PLAINWELL, INC., CASCADES TISSUE GROUP –        :
PENNSYLVANIA, INC. and/or CASCADES TISSUE,      :
LLC.                                            :
c/o CT Corporation Systems                      :
600 N. 2nd St., Suite 401                       :
Harrisburg, PA 17101                            :

METROPOLITAN LIFE                                    :
INSURANCE CO.                                        :
200 Park Avenue                                      :
New York, NY 10166                                   :
                                                     :
PLAINWELL, INC.                                      :
c/o Corporation Services Company                     :
2595 Interstate Drive, Suite 103                     :
Harrisburg, PA  17110                                :
                                                     :
POPE & TALBOT, WIS., INC.                            :
P.O. Box 8171                                        :
1500 Southwest First Ave., Suite 200                 :
Portland, OR 97201                                   :
                                                     :
POPE & TALBOT, INC., Individually and as             :
Successor- in-Interest to and/or Parent of and/or    :
Responsible Party for POPE & TALBOT, WIS., INC.      :
P.O. Box 8171                                        :
1500 Southwest First Ave.                            :
Portland, OR 97201                                   :
                                                     :
UNION CARBIDE CORP.                                  :
c/o CT Corporation Systems                           :
600 N. 2nd St., Suite 401                            :
Harrisburg, PA 17101                                 :
                                                     :
                    Defendants                       :

## N O T I C E

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff(s). You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Philadelphia Bar Association
One Reading Center
1101 Market Street
Philadelphia PA  19107
(215) 238-6300

## AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandad expuestas en las paginas siguientes, usted tienne veinte (20) dias, de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abagado y entregar a la corte en forma escrita sus defensas o sus objectiones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificasion. Ademas, la corte puede decidir a favor de demandante y require que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABAGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LAW OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

SERVICIO DE REFERENCIA LEGAL
Uno Reading Center
Filadelfia, Pennsylvania  19107
Telefono: (215) 238-1701

Case ID: 170901560

ASSESSMENT OF DAMAGES
HEARING NOT REQUIRED

JURY TRIAL DEMANDED

SHEIN LAW CENTER, LTD.
BY: BENJAMIN P. SHEIN, ESQUIRE
Attorney Identification No. 42867
121 South Broad Street, 21st floor
Philadelphia PA 19107
(215) 735-6677

Firm No. 99977                          Attorney for Plaintiffs

| | |
|---|---|
| SHIRLEY SUTTER and GLEN SUTTER, w/h | : COURT OF COMMON PLEAS : PHILADELPHIA COUNTY |
| Plaintiffs, | : : |
| v. CERTAIN-TEED CORPORATION, et al., | : SEPTEMBER TERM, 2017 : NO. 1560 |
| Defendants. | : ASBESTOS CASE |

COMPLAINT - CIVIL ACTION
ASBESTOS CASE

1. Plaintiffs, Shirley Sutter (DOB: 8/18/55, SSN: xxx-xx-1845) and Glen Sutter, wife

and husband, reside at 176 Circle Drive, Harding, Pennsylvania and are citizens and residents of

the Commonwealth of Pennsylvania.

2. Defendant, CertainTeed Corporation at all times material hereto, manufactured,

produced, sold, distributed and/or supplied either directly or indirectly to Plaintiff-Wife and/or

Plaintiff-Husband and/or to the employer(s) of Plaintiff-Wife and/or Plaintiff-Husband, and/or to

other persons or entities with whom Plaintiff-Wife and/or Plaintiff-Husband worked in close

proximity, asbestos and/or asbestos containing products and/or asbestos contaminated products and/or asbestos containing component parts and/or equipment which specified and/or required and contained asbestos containing component parts to which Plaintiff-Wife and/or Plaintiff-Husband were exposed. At all times material hereto, defendant, Certain-Teed Corporation, conducted business in the Commonwealth of Pennsylvania, acting in its individual corporate capacity as well as by and through its unincorporated divisions and departments, its corporate parents, subsidiaries and/or other affiliates, its alter ego corporations and other entities, its predecessors and/or its successors.

3. Defendant, Cascades Tissue Group – Pennsylvania, Inc., Individually and as Successor-in-Interest to and/or Parent of and/or Responsible Party for Pope & Talbot, Wis, Inc. and/or Plainwell, Inc., at all times material hereto as set forth herein, employed Plaintiff-Wife and, during the course of such employment, Plaintiff-Wife worked directly with and/or in close proximity to others working directly with asbestos and/or asbestos containing products and/or asbestos contaminated products and/or asbestos containing component parts and/or equipment which specified and/or required and contained asbestos containing component parts. At all times material hereto, defendant, Cascades Tissue Group – Pennsylvania, Inc., Individually and as Successor-in-Interest to and/or Parent of and/or Responsible Party for Pope & Talbot, Wis, Inc. and/or Plainwell, Inc., conducted business in the Commonwealth of Pennsylvania, acting in its individual corporate capacity as well as by and through its unincorporated divisions and departments, its corporate parents, subsidiaries and/or other affiliates, its alter ego corporations and other entities, its predecessors and/or its successors.

4. Defendant Cascades Tissue, LLC, Individually and as Successor-in-Interest to and/or Parent of and/or Responsible Party for Pope & Talbot, Wis., Inc., Plainwell, Inc. and/or Cascades

Tissue Group – Pennsylvania, Inc., at all times material hereto as set forth herein, employed Plaintiff-Wife and, during the course of such employment, Plaintiff-Wife worked directly with and/or in close proximity to others working directly with asbestos and/or asbestos containing products and/or asbestos contaminated products and/or asbestos containing component parts and/or equipment which specified and/or required and contained asbestos containing component parts.  At all times material hereto, defendant, Cascades Tissue, LLC, Individually and as Successor-in-Interest to and/or Parent of and/or Responsible Party for Pope & Talbot, Wis., Inc., Plainwell, Inc. and/or Cascades Tissue Group – Pennsylvania, Inc.,, conducted business in the Commonwealth of Pennsylvania, acting in its individual corporate capacity as well as by and through its unincorporated divisions and departments, its corporate parents, subsidiaries and/or other affiliates, its alter ego corporations and other entities, its predecessors and/or its successors.

5.   Defendant Cascades Holding, US, Inc., Individually and as Successor-in-Interest to and/or Parent of and/or Responsible Party for Pope & Talbot, Wis., Inc., Plainwell, Inc., Cascades Tissue Group – Pennsylvania, Inc. and/or Cascades Tissue, LLC, at all times material hereto as set forth herein, employed Plaintiff-Wife and, during the course of such employment, Plaintiff-Wife worked directly with and/or in close proximity to others working directly with asbestos and/or asbestos containing products and/or asbestos contaminated products and/or asbestos containing component parts and/or equipment which specified and/or required and contained asbestos containing component parts.  At all times material hereto, defendant, Cascades Holding, US, Inc., Individually and as Successor-in-Interest to and/or Parent of and/or Responsible Party for Pope & Talbot, Wis., Inc., Plainwell, Inc., Cascades Tissue Group – Pennsylvania, Inc. and/or Cascades Tissue, LLC, conducted business in the Commonwealth of Pennsylvania, acting in its individual corporate capacity as well as by and through its

Case ID: 170901560

unincorporated divisions and departments, its corporate parents, subsidiaries and/or other affiliates, its alter ego corporations and other entities, its predecessors and/or its successors.

6. Defendant Plainwell, Inc., at all times material hereto as set forth herein, employed Plaintiff-Wife and, during the course of such employment, Plaintiff-Wife worked directly with and/or in close proximity to others working directly with asbestos and/or asbestos containing products and/or asbestos contaminated products and/or asbestos containing component parts and/or equipment which specified and/or required and contained asbestos containing component parts. At all times material hereto, defendant, Plainwell, Inc., conducted business in the Commonwealth of Pennsylvania, acting in its individual corporate capacity as well as by and through its unincorporated divisions and departments, its corporate parents, subsidiaries and/or other affiliates, its alter ego corporations and other entities, its predecessors and/or its successors.

7. Defendant Pope & Talbot, Wis., Inc., at all times material hereto as set forth herein, employed Plaintiff-Wife and/or Plaintiff-Husband and, during the course of such employment, Plaintiff-Wife and/or Plaintiff-Husband worked directly with and/or in close proximity to others working directly with asbestos and/or asbestos containing products and/or asbestos contaminated products and/or asbestos containing component parts and/or equipment which specified and/or required and contained asbestos containing component parts. At all times material hereto, defendant, Pope & Talbot, Wis., Inc., conducted business in the Commonwealth of Pennsylvania, acting in its individual corporate capacity as well as by and through its unincorporated divisions and departments, its corporate parents, subsidiaries and/or other affiliates, its alter ego corporations and other entities, its predecessors and/or its successors.

8. Defendant, Pope & Talbot, Inc., Individually and as Successor-in-Interest to and/or Parent of and/or Responsible Party for Pope & Talbot, Wis., Inc., at times material hereto as set

forth herein, employed Plaintiff-Wife and, during the course of such employment, Plaintiff-Wife worked directly with and/or in close proximity to others working directly with asbestos and/or asbestos containing products and/or asbestos contaminated products and/or asbestos containing component parts and/or equipment which specified and/or required and contained asbestos containing component parts.  At all times material hereto, defendant, , Pope & Talbot, Inc., Individually and as Successor-in-Interest to and/or Parent of and/or Responsible Party for Pope & Talbot, Wis., Inc., conducted business in the Commonwealth of Pennsylvania, acting in its individual corporate capacity as well as by and through its unincorporated divisions and departments, its corporate parents, subsidiaries and/or other affiliates, its alter ego corporations and other entities, its predecessors and/or its successors.

9.  Defendant, Union Carbide Corporation, at all times material hereto, manufactured, produced, sold, distributed and/or supplied either directly or indirectly to Plaintiff-Wife and/or Plaintiff-Husband and/or to the employer(s) of Plaintiff-Wife and/or Plaintiff-Husband, and/or to other persons or entities with whom Plaintiff-Wife and/or Plaintiff-Husband worked in close proximity, asbestos and/or asbestos containing products and/or asbestos contaminated products and/or asbestos containing component parts and/or equipment which specified and/or required and contained asbestos containing component parts to which Plaintiff-Wife and/or Plaintiff-Husband were exposed.  At all times material hereto, defendant, Union Carbide Corporation, conducted business in the Commonwealth of Pennsylvania, acting in its individual corporate capacity as well as by and through its unincorporated divisions and departments, its corporate parents, subsidiaries and/or other affiliates, its alter ego corporations and other entities, its predecessors and/or its successors.

## COMMON ALLEGATIONS

10. Plaintiff, Shirley Sutter's, employment history, as to her asbestos exposure only, is as follows:

| | |
|---|---|
| 1997 - 1998 | Pope & Talbot, Wis., Inc. (Fiber Plant)<br>Ransom, PA<br>    Temporary poly burner helper – Incinerator room |
| 1998 – 2001 | Plainwell, Inc. (Fiber Plant)<br>Ransom, PA<br>    Temporary utility fiber plant worker |
| 2001 – 2010 | Cascades Tissue Group - Pennsylvania, Inc. (Fiber Plant)<br>Ransom, PA<br>    Fiber plant utility worker, second assistant operator |
| 2011 – 2014 | Cascades Tissue, LLC (Fiber Plant)<br>Ransom, PA<br>    Fiber plant utility worker, second assistant operator,<br>    First assistant operator |
| 2015 – 2017 | Cascades Holding US, Inc. (Fiber Plant)<br>Ransom, PA<br>    First assistant operator |

11. In April 2017 Plaintiff-Wife was advised by doctors at Wilkes-Barre General Hospital that she has malignant mesothelioma.   Such disease/condition is causing ascertainable physical symptoms, impairment and disability.

12. A claim for lost wages is asserted.

13. Plaintiffs plead for all of the items of damages set forth in the Master Long Form Complaint for all asbestos cases in the Court of Common Pleas for Philadelphia County.


## CLAIMS AGAINST PRODUCT DEFENDANTS

14.     Plaintiffs incorporate by reference paragraphs 1 through 13 as though the same were fully set forth herein.

Case ID: 170901560

15.     During the course of Mrs. Sutter's employment as noted in Paragraph 10 above, Plaintiffs believe and therefore aver that Mrs. Sutter was exposed to asbestos and/or asbestos-containing products and/or asbestos-contaminated products and/or asbestos-containing component parts and/or equipment which specified and/or required and contained asbestos-containing component parts manufactured, produced, sold, distributed, supplied and otherwise placed into the stream of commerce by the following defendants:

a.      CertainTeed Corporation

b.      Union Carbide Corporation

16.     Plaintiffs incorporate by reference against each of the above-listed defendants all of the allegations set forth in the Master Plaintiff's Complaint prepared and filed pursuant to the order establishing the Master Pleadings Procedure in the Court of Common Pleas for Philadelphia County, as if fully set forth herein.

WHEREFORE, Plaintiffs demand of defendants, severally and jointly, on alternative Causes of Action, as set forth in the Master Long Form Complaint filed in the Court of Common Pleas for Philadelphia County and incorporated herein by reference, a sum in excess of Fifty Thousand Dollars ($50,000.00) on each such Cause of Action, exclusive of interest and costs, and a sum in excess of Fifty Thousand Dollars ($50,000.00) in punitive damages.


**EMPLOYER LIABILITY v. CASCADES TISSUE GROUP – PENNSYLVANIA, INC.,**

**Individually and as Successor-in-Interest to and/or Parent of and/or Responsible Party for**

**POPE & TALBOT, WIS., INC. and/or PLAINWELL, INC.; CASCADES TISSUE, LLC,**

**Individually and as Successor-in-Interest to and/or Parent of and/or Responsible Party for**

**POPE & TALBOT, WIS., INC., PLAINWELL, INC. and/or CASCADES TISSUE**

Case ID: 170901560

GROUP – PENNSYLVANIA, INC.; CASCADES HOLDING US, INC., Individually and

as Successor-in-Interest to and/or Parent of and/or Responsible Party for POPE &

TALBOT, WIS., INC., PLAINWELL, INC., CASCADES TISSUE GROUP

PENNSYLVANIA, INC. and/or CASCADES TISSUE, LLC; PLAINWELL, INC.; POPE

& TALBOT, WIS., INC.; POPE & TALBOT, INC., Individually and as Successor-in-

Interest to and/or Parent of and/or Responsible Party for POPE & TALBOT, WIS., INC.

17.     Plaintiffs incorporate by reference paragraphs 1 through 16 as though the same were fully set forth herein.

18.     Plaintiff-Wife was employed as stated in Paragraph 10, *supra*.

19.     At all times material hereto, it was the business of Pope & Talbot, Wis., Inc.; Plainwell, Inc.; Cascades Tissue Group - Pennsylvania, Inc.; Cascades Tissue, LLC; and Cascades Holding US, Inc. to utilize asbestos and/or asbestos-containing products and/or asbestos-contaminated products and/or asbestos-containing component parts and/or equipment that specified for and/or required the use of and/or contained asbestos-containing component parts, all of which were toxic, carcinogenic and otherwise hazardous to human health and safety.

20.     While employed by Pope & Talbot, Wis., Inc.; Plainwell, Inc.; Cascades Tissue Group - Pennsylvania, Inc.; Cascades Tissue, LLC; and Cascades Holding US, Inc., Plaintiff-Wife, on a regular and frequent basis, worked directly with and/or in close proximity to others working directly with, and was proximately exposed to, asbestos and/or asbestos-containing products and/or asbestos- contaminated products and/or asbestos-containing component parts and/or equipment that specified for and/or required the use of and/or contained asbestos-containing component parts.

Case ID: 170901560

21.    Plaintiff-Wife's regular, frequent and proximate exposure to asbestos and/or asbestos-containing products and/or asbestos-contaminated products and/or asbestos-containing component parts and/or equipment that specified for and/or required the use of and/or contained asbestos-containing component parts while employed by Pope & Talbot, Wis., Inc.; Plainwell, Inc.; Cascades Tissue Group - Pennsylvania, Inc.; Cascades Tissue, LLC; and Cascades Holding US, Inc. resulted from the ordinary and foreseeable and intended use of said asbestos and/or asbestos- containing products and/or asbestos-contaminated products and/or asbestos-containing component parts and/or equipment that specified for and/or required the use of and/or contained asbestos-containing component parts.

22.    As set forth above, Plaintiff-Wife was, as a condition of her employment with Pope & Talbot, Wis., Inc.; Plainwell, Inc.; Cascades Tissue Group - Pennsylvania, Inc.; Cascades Tissue, LLC; and Cascades Holding US, Inc., engaged in working with, around and near and being exposed, on a daily basis, to asbestos and/or asbestos-containing products and/or asbestos-contaminated products and/or asbestos-containing component parts and/or equipment that specified for and/or required the use of and/or contained asbestos-containing component parts.

23.    During her employment by Pope & Talbot, Wis., Inc.; Plainwell, Inc.; Cascades Tissue Group - Pennsylvania, Inc.; Cascades Tissue, LLC; and Cascades Holding US, Inc., as described above, Plaintiff-Wife, on a regular and frequent basis, worked with, and in close proximity to, asbestos and/or asbestos-containing products and/or asbestos-contaminated products and/or asbestos-containing component parts and/or equipment that specified for and/or required the use of and/or contained asbestos-containing component parts.

24.    Pope & Talbot, Wis., Inc.; Plainwell, Inc.; Cascades Tissue Group - Pennsylvania, Inc.; Cascades Tissue, LLC; and Cascades Holding US, Inc. knew, or reasonably should have

known, of the hazardous, dangerous and harmful conditions described herein, including but not limited to the presence of asbestos-containing products where Plaintiff-Wife worked while employed by Pope & Talbot, Wis., Inc.; Plainwell, Inc.; Cascades Tissue Group - Pennsylvania, Inc.; Cascades Tissue, LLC; and Cascades Holding US, Inc., and said conditions involved an unreasonable risk of harm to Plaintiff and others similarly situated.

25.    Plaintiff-Wife was neither aware, nor should have been expected to be aware, of the hazardous, dangerous and harmful conditions that existed while Plaintiff-Wife worked as an employee of, and at the direction of, Pope & Talbot, Wis., Inc.; Plainwell, Inc.; Cascades Tissue Group - Pennsylvania, Inc.; Cascades Tissue, LLC; and Cascades Holding US, Inc.

26.    Pope & Talbot, Wis., Inc.; Plainwell, Inc.; Cascades Tissue Group - Pennsylvania, Inc.; Cascades Tissue, LLC; and Cascades Holding US, Inc. failed to exercise reasonable care to protect Plaintiff-Wife and others similarly situated from the hazardous, dangerous and harmful conditions that existed at Pope & Talbot, Wis., Inc.; Plainwell, Inc.; Cascades Tissue Group - Pennsylvania, Inc.; Cascades Tissue, LLC; and Cascades Holding US, Inc..

27.    Plaintiff-Wife's injuries were due proximately to the carelessness, recklessness, and negligence of Pope & Talbot, Wis., Inc.; Plainwell, Inc.; Cascades Tissue Group - Pennsylvania, Inc.; Cascades Tissue, LLC; and Cascades Holding US, Inc., as the employers of Plaintiff-Wife, either individually, or by its agents, servants, workmen and/or employees.  Said carelessness, recklessness and negligence consisted of the following:

      a.    Failing to provide warnings and protective equipment and/or apparel while Plaintiff-Wife performed work as an employee of Pope & Talbot, Wis., Inc.; Plainwell, Inc.; Cascades Tissue Group - Pennsylvania, Inc.; Cascades Tissue, LLC; and Cascades Holding US, Inc.;

b.    Permitting their employees to work at and on worksites that were unsafe, hazardous and harmful for any person, including Plaintiff-Wife;

c.    Failing to employ reasonable prudence and care to keep their employees safe;

d.    Failing to protect the rights, safety and position of their employees, including Plaintiff-Wife, when exposed to dangerous and harmful conditions while employed by Pope & Talbot, Wis., Inc.; Plainwell, Inc.; Cascades Tissue Group - Pennsylvania, Inc.; Cascades Tissue, LLC; and Cascades Holding US, Inc.;

e.    Failing to properly instruct their agents, servants, workmen and employees;

f.    Permitting a dangerous condition to exist;

g.    Failing to remove, and allowing to remain in place, hazardous and dangerous conditions while their employees performed work as directed by Pope & Talbot, Wis., Inc.; Plainwell, Inc.; Cascades Tissue Group - Pennsylvania, Inc.; Cascades Tissue, LLC; and Cascades Holding US, Inc.;

h.    Failing to give their employees, including Plaintiff-Wife, proper and adequate notice of the dangerous and hazardous conditions to which Plaintiff and the other employees of Pope & Talbot, Wis., Inc.; Plainwell, Inc.; Cascades Tissue Group - Pennsylvania, Inc.; Cascades Tissue, LLC; and Cascades Holding US, Inc., were subjected while they performed their work as instructed by Pope & Talbot, Wis., Inc.; Plainwell, Inc.; Cascades

Tissue Group - Pennsylvania, Inc.; Cascades Tissue, LLC; and Cascades Holding US, Inc.;

i.   Failing to warn Plaintiff-Wife of the dangerous conditions of and existing on the jobsites where she performed work while as an employee of, and at the direction of, Pope & Talbot, Wis., Inc.; Plainwell, Inc.; Cascades Tissue Group - Pennsylvania, Inc.; Cascades Tissue, LLC; and Cascades Holding US, Inc.;

j.   Allowing their employees, including Plaintiff-Wife, to work, within the course and scope of their employment, in and around said dangerous and hazardous conditions which existed  on said jobsites for an unreasonable length of time after Pope & Talbot, Wis., Inc.; Plainwell, Inc.; Cascades Tissue Group - Pennsylvania, Inc.; Cascades Tissue, LLC; and Cascades Holding US, Inc. had knowledge or should and could have had knowledge of the aforesaid conditions;

k.   Violating the applicable laws of the Commonwealth of Pennsylvania;

l.   Otherwise failing to use due care under the circumstances;

m.   Was negligent as a matter of law; and

n.   Was otherwise negligent in other ways as shall appear in the course of discovery to be conducted pursuant to the Pennsylvania Rules of Civil Procedure or at the trial of the instant matter.

28.   The actions and/or failures to act of Pope & Talbot, Wis., Inc.; Plainwell, Inc.; Cascades Tissue Group - Pennsylvania, Inc.; Cascades Tissue, LLC; and Cascades Holding US, Inc., as alleged herein, amount to flagrant misconduct that was committed knowingly,

Case ID: 170901560

deliberately, intentionally and with appreciation and knowledge that these actions, or failures to act, would create a substantial certainty of harm to Plaintiff-Wife.

29.     The actions and/or failures to act of Pope & Talbot, Wis., Inc.; Plainwell, Inc.; Cascades Tissue Group - Pennsylvania, Inc.; Cascades Tissue, LLC; and Cascades Holding US, Inc., as alleged herein, amount to gross negligence that was committed knowingly, deliberately, intentionally and with an appreciation and knowledge that these actions, or failures to act, would create a substantial certainty of harm to Plaintiff-Wife.

30.     The actions and/or failures to act of Pope & Talbot, Wis., Inc.; Plainwell, Inc.; Cascades Tissue Group - Pennsylvania, Inc.; Cascades Tissue, LLC; and Cascades Holding US, Inc., as alleged herein, amount to outrageous, willful, wanton and/or reckless conduct that was committed knowingly, deliberately, intentionally and with an appreciation and knowledge that these actions, or failures to act, would create a substantial certainty of harm to Plaintiff-Wife.

31.     Plaintiff-Wife's injuries accrued more than three hundred weeks after the last date of Plaintiff-Wife's exposure to asbestos while employed by Pope & Talbot, Wis., Inc.; Plainwell, Inc.; Cascades Tissue Group - Pennsylvania, Inc.; Cascades Tissue, LLC; and Cascades Holding US, Inc., in an occupation or industry wherein Plaintiff-Wife was exposed to asbestos and the risk of asbestos-related malignant mesothelioma.

32.     The injuries and damages sustained by Plaintiff-Wife as alleged herein were a direct and proximate result of the gross negligence and/or carelessness of Pope & Talbot, Wis., Inc.; Plainwell, Inc.; Cascades Tissue Group - Pennsylvania, Inc.; Cascades Tissue, LLC; and Cascades Holding US, Inc. as alleged herein.

33.     The conduct of Pope & Talbot, Wis., Inc.; Plainwell, Inc.; Cascades Tissue Group - Pennsylvania, Inc.; Cascades Tissue, LLC; and Cascades Holding US, Inc., as alleged here was

a factual cause of Plaintiffs' losses and damages as alleged herein.

34.    In addition to the matters specifically set forth herein, Plaintiffs incorporate by reference all of the allegations set forth in Count VII (Employer Defendants' Tortious Conduct) of the Master Plaintiffs' Complaint prepared and filed pursuant to the order establishing the Master Pleadings Procedure in the Court of Common Pleas for Philadelphia County against Pope & Talbot, Wis., Inc.; Plainwell, Inc.; Cascades Tissue Group - Pennsylvania, Inc.; Cascades Tissue, LLC; and Cascades Holding US, Inc., as if fully set forth herein.

WHEREFORE, Plaintiffs demand of defendants, Cascades Tissue Group – Pennsylvania, Inc., Individually and as Successor-in-Interest to and/or Parent of and/or Responsible Party for Pope & Talbot, Wis., Inc. and/or Plainwell, Inc.; Cascades Tissue, LLC, Individually and as Successor-in-Interest to and/or Parent of and/or Responsible Party for Pope & Talbot, Wis, Inc., Plainwell, Inc. and/or Cascades Tissue Group – Pennsylvania, Inc.; Cascades Holding US, Inc., Individually and as Successor-in-Interest to and/or Parent of and/or Responsible Party for Pope & Talbot, Wis., Inc., Plainwell, Inc., Cascades Tissue Group – Pennsylvania, Inc. and/or Cascades Tissue, LLC; Plainwell, Inc.; Pope & Talbot, Wis., Inc.; and Pope & Talbot, Inc., Individually and as Successor in Interest to and/or Parent of and/or Responsible Party for Pope & Talbot, Wis., Inc., a sum in excess of Fifty Thousand Dollars ($50,000.00) on each such Cause of Action, exclusive of interest and costs, and a sum in excess of Fifty Thousand Dollars ($50,000.00) in punitive damages.

## NEGLIGENT CREATION AND/OR MAINTENANCE OF DANGEROUS CONDITION ON LAND CAUSING HARM TO OTHERS OUTSIDE THE LAND v. POPE & TALBOT WIS., INC.

35. Plaintiffs incorporate by reference paragraphs 1 through 34 as though the same were fully set forth herein.

36. Plaintiff-Husband worked lawfully on the premises of Pope & Talbot, Wis., Inc. (Paper Mill) from 1987 to 1992 as a paper mill utility worker, napkin operator, case sealer helper and towel helper..

37. Pope & Talbot Wis., Inc. knew or reasonably should have known of the hazardous, dangerous and harmful conditions, including but not limited to the presence of asbestos containing products, existing on its property and that said conditions involved an unreasonable risk of harm to Plaintiff-Wife and others similarly situated.

38. Neither Plaintiff-Husband nor Plaintiff-Wife were aware, nor should have been expected to be aware, of the hazardous, dangerous and harmful conditions that existed on the Pope & Talbot Wis., Inc. property.

39. Pope & Talbot Wis., Inc. failed to exercise reasonable care to protect Plaintiff-Wife and others similarly situated from the hazardous, dangerous and harmful conditions that existed on its property.

40. Plaintiff-Wife's injuries were due proximately to the carelessness, recklessness, and negligence of Pope & Talbot Wis., Inc., either individually or by its agents, servants, workmen and/or employees. Said carelessness, recklessness and negligence consisted of the following:

a. Failing to maintain the premises in a safe manner;

b. Permitting the premises to remain unsafe, hazardous and harmful for any person, including Plaintiff-Wife;

c. Failing to employ reasonable prudence and care to keep the premises in a safe condition;

Case ID: 170901560

d.   Failing to protect the rights, safety and position of Plaintiff-Wife;

e.   Failing to properly instruct its agents, servants, workmen and employees;

f.   Permitting a dangerous condition to exist;

g.   Failing to inspect and maintain said premises;

h.   Failing to remove and permit to remain hazardous and dangerous conditions on said premises;

i.   Failing to give proper and adequate notice of the dangerous and hazardous conditions on said premises;

j.   Failing to warn Plaintiff-Husband and Plaintiff-Wife of the dangerous conditions of the premises;

k.   Allowing said dangerous and hazardous conditions to exist on said premises for an unreasonable length of time after defendant had knowledge or should and could have had knowledge of the aforesaid conditions;

l.   Violating the applicable laws of the Commonwealth of Pennsylvania;

m.   Otherwise failing to use due care under the circumstances;

n.   Was negligent as a matter of law;

o.   Was otherwise negligent in other ways as shall appear in the course of discovery to be conducted pursuant to the Pennsylvania Rules of Civil Procedure or at the trial of the instant matter.

WHEREFORE, Plaintiffs demand of defendant, Pope & Talbot Wis., Inc., a sum in excess of Fifty Thousand Dollars ($50,000.00) on each such Cause of Action, exclusive of interest and costs, and a sum in excess of Fifty Thousand Dollars ($50,000.00) in punitive damages.

Case ID: 170901560

## CLAIMS AGAINST METROPOLITAN LIFE INSURANCE COMPANY

41.     Plaintiffs incorporate by reference paragraphs 1 through 40 as though the same were fully set forth herein.

42.     Defendant, Metropolitan Life Insurance Company, is sued herein for its conduct and omissions as a consultant to certain corporations, all as described in Count IX of the Master Plaintiff's Complaint, prepared and filed pursuant to the order establishing the Master Pleadings Procedure in the Court of Common Pleas for Philadelphia County against all defendants.

43.     Plaintiffs incorporate by reference against defendant, Metropolitan Life Insurance Company, all of the allegations against defendant, Metropolitan Life Insurance Company, set forth in Count IX the Master Plaintiff's Complaint prepared and filed pursuant to the order establishing the Master Pleadings Procedure in the Court of Common Pleas for Philadelphia County, as if fully set forth herein.

WHEREFORE, Plaintiffs demand of defendant, Metropolitan Life Insurance Company, a sum in excess of Fifty Thousand Dollars ($50,000.00) on each such Cause of Action, exclusive of interest and costs, and a sum in excess of Fifty Thousand Dollars ($50,000.00) in punitive damages.

SHEIN LAW CENTER, LTD.

By: _____
        Benjamin P. Shein
        Attorney for Plaintiffs

Date: ____8/9/18____

Case ID: 170901560

COMMONWEALTH OF PENNSYLVANIA          :
                                                                      SS
COUNTY OF PHILADELPHIA                 :


I, Shirley Sutter, being duly sworn according to law, depose and say that I am the plaintiff

herein and that the facts set forth in the foregoing are true and correct to the best of my knowledge,

information and belief.  I understand that the statements herein are subject to the penalties of 18 Pa.

C.S. Section 4904 relating to unsworn falsification to authorities.


Date: 8/9/18

_Shirley Sutter_ (SEAL)
Shirley Sutter


Case ID: 170901560

# EXHIBIT "B"

SHEIN LAW CENTER, LTD.
BY: BENJAMIN P. SHEIN, ESQUIRE
Attorney Identification No. 42867
121 South Broad Street, 21st floor
Philadelphia, PA 19107
(215) 735-6677

**Firm No.** 99977                              Attorney for Plaintiffs

SHIRLEY SUTTER and GLEN SUTTER, w/h     : COURT OF COMMON PLEAS
                                      : PHILADELPHIA COUNTY
                  Plaintiffs,         :
    v.                                   : SEPTEMBER TERM, 2017
                                        :
CERTAIN-TEED CORP., et al.,            : NO.
                                        :
                 Defendant         :

<u>PRAECIPE TO ISSUE SUMMONS</u>

TO THE PROTHONOTARY:

      Kindly issue a Writ of Summons against the defendant in the above-captioned matter.

                        SHEIN LAW CENTER, LTD.


                  By: *Benjamin P. Shein /s/*
                       Benjamin Peter Shein
                       Attorney for Plaintiffs

Date:  9/14/17

C.P.97

# Commonwealth of Pennsylvania

SUMMONS
*CITACION*

## CITY AND COUNTY OF PHILADELPHIA

Shirley and Glen Sutter, w/h
176 Circle Drive
Harding, PA 18643

COURT OF COMMON PLEAS

September _____ Term, 20 __17__

No. _____

*vs.*

Certain-Teed Corporation
Swedesford and Old School Roads
Valley Forge, PA 19481

To[(1)]

Certain-Teed Corporation

You are notified that the Plaintiff[(2)]
*Usted esta avisado que el demandante[(2)]*

Shirley and Glen Sutter, w/h

Has (have) commenced an action against you.
*Ha (han) iniciado una accion en contra suya.*



JOSEPH H. EVERS
*Prothonotary*

By _____

Date _____

170901560
15 SEP 2017 09:12 am
K. EDWARDS

[(1)] Name(s) of Defendant(s)
[(2)] Name(s) of Plaintiff(s)

10-208 (Rev. 6/00)

Case ID: 170901560

COURT OF COMMON PLEAS

September ___ **Term,** 20 _17_ **No.** ___

Shirley and Glen Sutter, w/h
176 Circle Drive
Harding, PA 18643

vs.

Certain-Teed Corporation
Swedesford and Old School Roads
Valley Forge, PA 19481

**SUMMONS**

Case ID: 170901560

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**TRIAL DIVISION - CIVIL**

| | |
|---|---|
| SUTTER ETAL VS CERTAIN-TEED CORP. | <u>2017</u> TERM <u>SEPTEMBER</u><br><br>No. <u>01560</u> |

**IN RE:  ASBESTOS LITIGATION - OCTOBER TERM 1986, NO. 0001**

**MASTER CASE MANAGEMENT ORDER FOR**
**ASBESTOS-RELATED PERSONAL INJURY CLAIMS**

It is the goal of this Court to secure the just, expeditious and cost-effective determination of each personal injury case involving exposure to asbestos or asbestos-containing products pending or hereafter filed in the Court of Common Pleas of Philadelphia County to eliminate duplication of effort, prevent unnecessary paperwork and promote judicial economy.

In order to achieve these objectives, this 1st day of December, 2010, the Court enters the following Case Management Order for personal injury cases involving exposure to asbestos or asbestos-containing products.

This Case Management Order supersedes all prior Case Management Orders entered in the Asbestos Litigation and shall apply to all cases currently pending and hereafter filed in this Court.

## I.   PLEADINGS

A.   <u>Short Form Complaints</u>

A Short Form Complaint shall be filed and served in every case in accordance with the Pennsylvania Rules of Civil Procedure.  Plaintiffs may incorporate by reference the Master Long Form Complaints filed on the above-captioned docket.

The Short Form Complaint shall contain the information required by Philadelphia Civil Rule *1019.1(B), to the extent consistent with the Pennsylvania Rules of Civil Procedure.

A Short Form Complaint that contains premises liability claims shall include the name and address of each work site in which the plaintiff alleges exposure to asbestos and the dates during which the plaintiff or the decedent worked at each such work site.

B.   <u>Preliminary Objections</u>

In response to each Short Form Complaint, the defendant may file preliminary objections, if deemed appropriate, in accordance with the Pennsylvania Rules of Civil Procedure and Philadelphia Civil Rule *1028.  The preliminary objections shall be filed in letter brief format rather than motion package format.  Its caption must specify "Asbestos Litigation" and name opposing counsel.  Facts, issues and pertinent case law should be included.  Each motion must include a proposed order.

C.   <u>Answers to Complaints</u>

Defendant's answers to complaints are governed by Rule 1041.1 of the Pennsylvania Rules of Civil Procedure.

## II.   GIFFEAR DOCKET

Cases that do not state a valid claim pursuant to <u>Giffear v. Johns-Manville Corp.</u>, 632 A.2d 880 (Pa.Super. 1993), <u>aff'd sub nom. Simmons v. Pacor, Inc.</u>, 674 A.2d 232 (Pa.1996), shall be placed on an inactive docket.

To reactivate a case which has been discontinued pursuant to <u>Giffear</u>, a Motion to Reactivate must be filed and include all necessary medical reports supporting said motion. The motion shall be filed in letter brief format consistent with the Mass Tort Motion procedures.

## III.   DISCOVERY

The following deadlines shall apply for the completion of discovery and the exchange of expert reports:

<u>180 Days prior to jury selection</u>-
Plaintiffs shall serve answers to Defendants' Master Interrogatories and Requests for Production Directed to Plaintiffs, including information relating to Bankruptcy Trust Filings.

Plaintiffs shall forward the identification of all health care providers along with addresses to defense counsel and RecordTrak.

Plaintiffs shall forward HIPAA compliant authorizations signed by plaintiffs to RecordTrak.

<u>120 days prior to jury selection</u>-

Plaintiffs shall serve medical, economic and liability expert reports.

Plaintiffs shall produce to lead defense counsel all diagnostic materials in the possession of plaintiffs or their counsel and all diagnostic material reviewed by plaintiffs' experts.  This includes, but is not limited to, x-rays, CT scans, pathology and cytology.

Plaintiffs shall serve product identification witness lists identifying the defendants the witnesses are expected to identify.

<u>100 days prior to jury selection</u>-- Completion of plaintiffs' depositions.

<u>90 days prior to jury selection</u>-- Completion of all co-worker depositions.

<u>45 days prior to jury selection</u>-- Defendants shall serve medical and economic expert reports.

<u>10 days prior to jury selection</u>--Defendants shall serve expert liability reports.

## IV.   STIPULATIONS OF DISMISSAL

1.      If a plaintiff has agreed to stipulate to the dismissal of a defendant, the defendant (hereinafter the "Stipulated Defendant") shall prepare a Stipulation of Dismissal.

2.      The Stipulated Defendant shall circulate the Stipulation of Dismissal to all defense

counsel by letter, stating that any party has ten (10) days from the date of the letter to object to the dismissal of the Stipulated Defendant.

    3.    If a party objects to the dismissal of the Stipulated Defendant, the objecting party shall notify the Stipulated Defendant in writing of the basis for the objection.

    4.    If, after the expiration of the ten (10) day period, no objections are received by the Stipulated Defendant, the Stipulation of Dismissal may be electronically filed with the Court as unopposed.

    5.    The package electronically filed with the Court shall include the signed Stipulation of Dismissal and a cover letter stating no objections have been raised within the ten (10) day period.

    6.    Service of the Court-approved Stipulation of Dismissal shall be effectuated via the Court's electronic filing system on all parties of record.

## V.   MOTION PRACTICE AND PROCEDURE

All summary judgment motions shall be filed in accordance with the Revised Asbestos Summary Judgment Motion Procedures, a copy of which is attached hereto.  In addition, to prevent the filing of unnecessary motions, five (5) days prior to the deadline for filing summary judgment motions (or 85 days prior to jury selection) Plaintiffs' counsel are to serve upon all parties to a case, a 'Dismissal Letter' indicating all defendants which Plaintiff will voluntarily dismiss from that case.

All other motions, including motions for *forum non conveniens*, motions to amend complaints, motions to compel, motions to enforce settlements, etc., shall be filed in accordance with the Revised Mass Tort Motion Procedures, a copy of which is attached hereto.

## VI.   TRIAL SCHEDULING

The dates for all scheduled trials will be published each Monday in The *Legal Intelligencer*.

## VII.   DEADLINES FOR CASES THAT MOVE TO NEW TRIAL GROUPS

If any case is moved, with the consent of the Court, from its original trial group to a later trial group, all discovery and motions deadlines for the later group will apply.  Any summary judgment motions filed prior to moving the case will be considered moot and must be re-filed in accordance with the deadlines for the group to which the case has been moved, except for cases where the motion deadline for the new group has already passed at the time the case is moved.  For those cases, motions will remain open and need not be re-filed. Those motions remaining open shall be decided by the Coordinating Judge in accordance with the deadlines for the new group.

## VIII.   CALL OF THE LIST

A brief call of the asbestos list will be conducted every Monday at 11:00 a.m. The Court will conduct general asbestos business and call those cases listed for trial for the following month.Knowledgeable representatives of each party involved in the next month's scheduled trials shall attend.

A meeting of the Asbestos Kitchen Cabinet will be conducted on the first Monday of each month, following the call of the list.

## IX.   SANCTIONS

Failure to comply with any deadlines set forth in the Case Management Order may result in the imposition of appropriate sanctions, including dismissal.

BY THE COURT:

**ARNOLD L. NEW**
**TEAM LEADER**



235 SOUTH 13TH STREET
PHILADELPHIA, PA 19107
PHONE: (215) 546-7400
FAX: (215) 985-0169

**B&R** Services for Professionals Inc.



National Association of
Professional Process Servers

Shirley Sutter, et al                    :        **COURT**        Court of Common Pleas of
                                                                  Pennsylvania
.-VS-                                                             Philadelphia County - Civil
Certain -Teed Corp.                      :        **CASE NUMBER**  170901560

State of _____ **PA** _____        **AFFIDAVIT**

County of _____ **CHESTER** _____

                                                  **B&R Control # CS138584.01**
                                                  Reference Number

---

### FORWARDED SERVICE

Now, on 9/18/2017, I do hereby request the Sheriff of **Chester County**
to serve this **Summons, Praecipe to Issue Summons, Master Case Management Order** and make return thereof in accordance with the
Law, for service upon
**Certain-Teed Corp.** at **20 Moores Road, Malvern, PA 19481**
By (Competent Adult) Linda Robertson        Sheriff Check Amt $200,  #46665

**** SPECIAL INSTRUCTIONS" ****

9/25

---

☒ **Served** Date 9/26/17 Time 11:30AM Accepted By: **EMILY KLEIN**

In the manner described below.
☐ Personally served.
☐ Adult in charge of residence. Relationship is ____
☐ Adult in charge of residence who refused to give name and/or relationship.
☐ Manager/Clerk of place of residence lodging ____
☒ Agent or person authorized to accept service ____
☐ Other ____

**Description of Person**  Age ____ Height ____ Weight ____ Race W Sex F
                           Other ____

☐ **Not Served**  Date ____  Time ____ ☐ Moved ☐ Unknown ☐ No Answer ☐ Vacant
☐ Other ____

---

The Process Server, was at the time of service a competent adult, over 18
years of age, not having a direct interest in the litigation. I declare under
penalty of perjury that the foregoing is true and correct.
Process Server/Sheriff 4 Steven A Vitoler #16

Sworn to and subscribed before me this
29th day of Sept 2017
Notary Public

Client   Phone (215) 735-6677        :        **Filed Date:** 9/15/2017  **BR Serve By:** 10/14/2017

Kelly Coughlan, Paralegal
Shein Law Center, Ltd.
121 South Broad Street
Twenty First Floor
Philadelphia, PA 19107



COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
ELISA P DIMATTIA
Notary Public
WEST CHESTER BORO, CHESTER COUNTY
My Commission Expires Dec 6, 2019

COPY

Case ID: 170901560

Refund Check# 305651. $157.73



Filed and Attested by the
Office of Judicial Records
13 DEC 2017 09:49 am
E. HAURIN

**WILBRAHAM, LAWLER & BUBA**
By:  Michael J. Block, Esquire
Identification No.: 41584
By:  J. Patrick Bradley, Esquire
Identification No. 79322
1818 Market Street, Suite 3100
Philadelphia, PA 19103-3631
(215) 564-4141

Attorneys for Defendant
CertainTeed Corporation

| | |
|---|---|
| SHIRELY SUTTER and<br>GLENN SUTTER, w/h, | **COURT OF COMMON PLEAS**<br>**PHILADELPHIA COUNTY** |
|         Plaintiff(s), | **SEPTEMBER TERM 2017**<br>**NO. 1560** |
|        v. | **ASBESTOS LITIGATION** |
| CERTAINTEED CORPORATION, *et.al.,* | |
|         Defendant(s). | |

## ENTRY OF APPEARANCE AND ANSWER TO COMPLAINT OF
## DEFENDANT CERTAINTEED CORPORATION

**TO THE PROTHONOTARY:**

    Kindly enter our appearance as counsel on behalf of Defendant CertainTeed Corporation in the above matter.

                          **WILBRAHAM, LAWLER & BUBA**

By:    /s/
                    Michael J. Block, Esquire
                    J. Patrick Bradley, Esquire
                    Attorneys for Defendant
                    CertainTeed Corporation

SHEIN LAW CENTER, LTD.                          :   JURY TRIAL DEMANDED
BY: BENJAMIN P. SHEIN, ESQUIRE                  :
Attorney Identification No. 42867               :
121 South Broad Street, 21st floor              :
Philadelphia, PA 19107                          :   Attorney for Plaintiffs
(215) 735-6677                                  :
                                                :
Firm No. 99977                                  :
                                                :
                                                :
SHIRLEY SUTTER and                              :   COURT OF COMMON PLEAS
GLEN SUTTER, w/h                                :   PHILADELPHIA COUNTY
176 Circle Dr.                                  :
Harding, PA 18643                               :   SEPTEMBER TERM, 2017
                                                :
                                                :   NO. 1560
              v.                                :
                                                :
CERTAINTEED CORPORATION                         :
20 Moores Road                                  :   ASBESTOS CASE
Malvern, PA 19481                               :
                                                :
CASCADES TISSUE GROUP – PENNSYLVANIA,           :
INC., Individually and as Successor-in-Interest to and/or   :
Parent of and/or Responsible Party for POPE &   :
TALBOT, WIS., INC. and/or PLAINWELL, INC.       :
c/o CT Corporation Systems                      :
600 N. 2nd St., Suite 401                       :
Harrisburg, PA 17101                            :
                                                :
CASCADES TISSUE, LLC., Individually and as      :
Successor-in-Interest to and/or Parent of and/or :
Responsible Party for POPE & TALBOT, WIS., INC., :
PLAINWELL, INC. and/or CASCADES TISSUE          :
GROUP – PENNSYLVANIA, INC.                      :
c/o Cascades Holding US, Inc.                   :
P.O. Box 6000                                   :
Pittston, PA 18640                              :
                                                :
CASCADES HOLDING US, INC., Individually and as  :
Successor-in-Interest to and/or Parent of and/or :
Responsible Party for POPE & TALBOT, WIS., INC., :
PLAINWELL, INC., CASCADES TISSUE GROUP –        :
PENNSYLVANIA, INC. and/or CASCADES TISSUE,      :
LLC.                                            :
c/o CT Corporation Systems                      :
600 N. 2nd St., Suite 401                       :
Harrisburg, PA 17101                            :

Filed and Attested by the
Office of Judicial Records
03 APR 2018 09:57 am
C. MORTE

METROPOLITAN LIFE                                    :
INSURANCE CO.                                        :
200 Park Avenue                                      :
New York, NY 10166                                   :
                                                     :

PLAINWELL, INC.                                      :
c/o Corporation Services Company                     :
2595 Interstate Drive, Suite 103                     :
Harrisburg, PA  17110                                :
                                                     :

POPE & TALBOT, WIS., INC.                            :
P.O. Box 8171                                        :
1500 Southwest First Ave., Suite 200                 :
Portland, OR 97201                                   :
                                                     :

POPE & TALBOT, INC., Individually and as             :
Successor- in-Interest to and/or Parent of and/or    :
Responsible Party for POPE & TALBOT, WIS., INC.      :
P.O. Box 8171                                        :
1500 Southwest First Ave.                            :
Portland, OR 97201                                   :
                                                     :

UNION CARBIDE CORP.                                  :
c/o CT Corporation Systems                           :
600 N. 2nd St., Suite 401                            :
Harrisburg, PA 17101                                 :
                                                     :
    Defendants                   :

NOTICE

You have been sued in Court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff(s).  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Philadelphia Bar Association
One Reading Center
1101 Market Street
Philadelphia PA  19107
(215) 238-6300

AVISO

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tienne veinte (20) dias, de plazo al partir de la fecha de la demanda y la notificacion.  Hace falta asentar una comparencia escrita o en persona o con un abagado y entregar a la corte en forma escrita sus defensas o sus objectiones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificasion.  Ademas, la corte puede decidir a favor de demandante y require que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE.  SI NO TIENE ABAGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LAW OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

SERVICIO DE REFERENCIA LEGAL
Uno Reading Center
Filadelfia, Pennsylvania  19107
Telefono: (215) 238-1701

Case ID: 170901560

ASSESSMENT OF DAMAGES
HEARING NOT REQUIRED

JURY TRIAL DEMANDED

SHEIN LAW CENTER, LTD.
BY: BENJAMIN P. SHEIN, ESQUIRE
Attorney Identification No. 42867
121 South Broad Street, 21st floor
Philadelphia PA  19107
(215) 735-6677

Firm No. 99977                                              Attorney for Plaintiffs

| | |
|---|---|
| SHIRLEY SUTTER and<br>GLEN SUTTER, w/h | : COURT OF COMMON PLEAS<br>: PHILADELPHIA COUNTY<br>: |
| Plaintiffs, | :<br>: |
| v.<br>CERTAIN-TEED CORPORATION, et al., | : SEPTEMBER TERM, 2017<br>: NO. 1560<br>: |
| Defendants. | : ASBESTOS CASE |

COMPLAINT - CIVIL ACTION
ASBESTOS CASE

1. Plaintiffs, Shirley Sutter (DOB: 8/18/55, SSN: xxx-xx-1845) and Glen Sutter, wife

and husband, reside at 176 Circle Drive, Harding, Pennsylvania and are citizens and residents of

the Commonwealth of Pennsylvania.

2. Defendant, CertainTeed Corporation at all times material hereto, manufactured,

produced, sold, distributed and/or supplied either directly or indirectly to Plaintiff-Wife and/or

Plaintiff-Husband and/or to the employer(s) of Plaintiff-Wife and/or Plaintiff-Husband, and/or to

other persons or entities with whom Plaintiff-Wife and/or Plaintiff-Husband worked in close

Case ID: 170901560

proximity, asbestos and/or asbestos containing products and/or asbestos contaminated products and/or asbestos containing component parts and/or equipment which specified and/or required and contained asbestos containing component parts to which Plaintiff-Wife and/or Plaintiff-Husband were exposed.  At all times material hereto, defendant, Certain-Teed Corporation, conducted business in the Commonwealth of Pennsylvania, acting in its individual corporate capacity as well as by and through its unincorporated divisions and departments, its corporate parents, subsidiaries and/or other affiliates, its alter ego corporations and other entities, its predecessors and/or its successors.

3.  Defendant, Cascades Tissue Group – Pennsylvania, Inc., Individually and as Successor-in-Interest to and/or Parent of and/or Responsible Party for Pope & Talbot, Wis, Inc. and/or Plainwell, Inc., at all times material hereto as set forth herein, employed Plaintiff-Wife and, during the course of such employment, Plaintiff-Wife worked directly with and/or in close proximity to others working directly with asbestos and/or asbestos containing products and/or asbestos contaminated products and/or asbestos containing component parts and/or equipment which specified and/or required and contained asbestos containing component parts.  At all times material hereto, defendant, Cascades Tissue Group – Pennsylvania, Inc., Individually and as Successor-in-Interest to and/or Parent of and/or Responsible Party for Pope & Talbot, Wis, Inc. and/or Plainwell, Inc., conducted business in the Commonwealth of Pennsylvania, acting in its individual corporate capacity as well as by and through its unincorporated divisions and departments, its corporate parents, subsidiaries and/or other affiliates, its alter ego corporations and other entities, its predecessors and/or its successors.

4.  Defendant Cascades Tissue, LLC, Individually and as Successor-in-Interest to and/or Parent of and/or Responsible Party for Pope & Talbot, Wis., Inc., Plainwell, Inc. and/or Cascades

Tissue Group – Pennsylvania, Inc., at all times material hereto as set forth herein, employed

Plaintiff-Wife and, during the course of such employment, Plaintiff-Wife worked directly with

and/or in close proximity to others working directly with asbestos and/or asbestos containing

products and/or asbestos contaminated products and/or asbestos containing component parts

and/or equipment which specified and/or required and contained asbestos containing component

parts.  At all times material hereto, defendant, Cascades Tissue, LLC, Individually and as

Successor-in-Interest to and/or Parent of and/or Responsible Party for Pope & Talbot, Wis., Inc.,

Plainwell, Inc. and/or Cascades Tissue Group – Pennsylvania, Inc.,, conducted business in the

Commonwealth of Pennsylvania, acting in its individual corporate capacity as well as by and

through its unincorporated divisions and departments, its corporate parents, subsidiaries and/or

other affiliates, its alter ego corporations and other entities, its predecessors and/or its successors.

  5. Defendant Cascades Holding, US, Inc., Individually and as Successor-in-Interest to

and/or Parent of and/or Responsible Party for Pope & Talbot, Wis., Inc., Plainwell, Inc.,

Cascades Tissue Group – Pennsylvania, Inc. and/or Cascades Tissue, LLC, at all times material

hereto as set forth herein, employed Plaintiff-Wife and, during the course of such employment,

Plaintiff-Wife worked directly with and/or in close proximity to others working directly with

asbestos and/or asbestos containing products and/or asbestos contaminated products and/or

asbestos containing component parts and/or equipment which specified and/or required and

contained asbestos containing component parts.  At all times material hereto, defendant,

Cascades Holding, US, Inc., Individually and as Successor-in-Interest to and/or Parent of and/or

Responsible Party for Pope & Talbot, Wis., Inc., Plainwell, Inc., Cascades Tissue Group –

Pennsylvania, Inc. and/or Cascades Tissue, LLC, conducted business in the Commonwealth of

Pennsylvania, acting in its individual corporate capacity as well as by and through its

unincorporated divisions and departments, its corporate parents, subsidiaries and/or other affiliates, its alter ego corporations and other entities, its predecessors and/or its successors.

6. Defendant Plainwell, Inc., at all times material hereto as set forth herein, employed Plaintiff-Wife and, during the course of such employment, Plaintiff-Wife worked directly with and/or in close proximity to others working directly with asbestos and/or asbestos containing products and/or asbestos contaminated products and/or asbestos containing component parts and/or equipment which specified and/or required and contained asbestos containing component parts. At all times material hereto, defendant, Plainwell, Inc., conducted business in the Commonwealth of Pennsylvania, acting in its individual corporate capacity as well as by and through its unincorporated divisions and departments, its corporate parents, subsidiaries and/or other affiliates, its alter ego corporations and other entities, its predecessors and/or its successors.

7. Defendant Pope & Talbot, Wis., Inc., at all times material hereto as set forth herein, employed Plaintiff-Wife and/or Plaintiff-Husband and, during the course of such employment, Plaintiff-Wife and/or Plaintiff-Husband worked directly with and/or in close proximity to others working directly with asbestos and/or asbestos containing products and/or asbestos contaminated products and/or asbestos containing component parts and/or equipment which specified and/or required and contained asbestos containing component parts. At all times material hereto, defendant, Pope & Talbot, Wis., Inc., conducted business in the Commonwealth of Pennsylvania, acting in its individual corporate capacity as well as by and through its unincorporated divisions and departments, its corporate parents, subsidiaries and/or other affiliates, its alter ego corporations and other entities, its predecessors and/or its successors.

8. Defendant, Pope & Talbot, Inc., Individually and as Successor-in-Interest to and/or Parent of and/or Responsible Party for Pope & Talbot, Wis., Inc., at times material hereto as set

forth herein, employed Plaintiff-Wife and, during the course of such employment, Plaintiff-Wife worked directly with and/or in close proximity to others working directly with asbestos and/or asbestos containing products and/or asbestos contaminated products and/or asbestos containing component parts and/or equipment which specified and/or required and contained asbestos containing component parts.  At all times material hereto, defendant, , Pope & Talbot, Inc., Individually and as Successor-in-Interest to and/or Parent of and/or Responsible Party for Pope & Talbot, Wis., Inc., conducted business in the Commonwealth of Pennsylvania, acting in its individual corporate capacity as well as by and through its unincorporated divisions and departments, its corporate parents, subsidiaries and/or other affiliates, its alter ego corporations and other entities, its predecessors and/or its successors.

9.  Defendant, Union Carbide Corporation, at all times material hereto, manufactured, produced, sold, distributed and/or supplied either directly or indirectly to Plaintiff-Wife and/or Plaintiff-Husband and/or to the employer(s) of Plaintiff-Wife and/or Plaintiff-Husband, and/or to other persons or entities with whom Plaintiff-Wife and/or Plaintiff-Husband worked in close proximity, asbestos and/or asbestos containing products and/or asbestos contaminated products and/or asbestos containing component parts and/or equipment which specified and/or required and contained asbestos containing component parts to which Plaintiff-Wife and/or Plaintiff-Husband were exposed.  At all times material hereto, defendant, Union Carbide Corporation, conducted business in the Commonwealth of Pennsylvania, acting in its individual corporate capacity as well as by and through its unincorporated divisions and departments, its corporate parents, subsidiaries and/or other affiliates, its alter ego corporations and other entities, its predecessors and/or its successors.

## COMMON ALLEGATIONS

10. Plaintiff, Shirley Sutter's, employment history, as to her asbestos exposure only, is as follows:

| | |
|---|---|
| 1997 - 1998 | Pope & Talbot, Wis., Inc. (Fiber Plant)<br>Ransom, PA<br>     Temporary poly burner helper – Incinerator room |
| 1998 – 2001 | Plainwell, Inc. (Fiber Plant)<br>Ransom, PA<br>     Temporary utility fiber plant worker |
| 2001 – 2010 | Cascades Tissue Group - Pennsylvania, Inc. (Fiber Plant)<br>Ransom, PA<br>     Fiber plant utility worker, second assistant operator |
| 2011 – 2014 | Cascades Tissue, LLC (Fiber Plant)<br>Ransom, PA<br>     Fiber plant utility worker, second assistant operator,<br>     First assistant operator |
| 2015 – 2017 | Cascades Holding US, Inc. (Fiber Plant)<br>Ransom, PA<br>     First assistant operator |

11. In April 2017 Plaintiff-Wife was advised by doctors at Wilkes-Barre General Hospital that she has malignant mesothelioma.   Such disease/condition is causing ascertainable physical symptoms, impairment and disability.

12. A claim for lost wages is asserted.

13. Plaintiffs plead for all of the items of damages set forth in the Master Long Form Complaint for all asbestos cases in the Court of Common Pleas for Philadelphia County.

## CLAIMS AGAINST PRODUCT DEFENDANTS

14.    Plaintiffs incorporate by reference paragraphs 1 through 13 as though the same were fully set forth herein.

Case ID: 170901560

15.     During the course of Mrs. Sutter's employment as noted in Paragraph 10 above, Plaintiffs believe and therefore aver that Mrs. Sutter was exposed to asbestos and/or asbestos-containing products and/or asbestos-contaminated products and/or asbestos-containing component parts and/or equipment which specified and/or required and contained asbestos-containing component parts manufactured, produced, sold, distributed, supplied and otherwise placed into the stream of commerce by the following defendants:

a.     CertainTeed Corporation

b.     Union Carbide Corporation

16.     Plaintiffs incorporate by reference against each of the above-listed defendants all of the allegations set forth in the Master Plaintiff's Complaint prepared and filed pursuant to the order establishing the Master Pleadings Procedure in the Court of Common Pleas for Philadelphia County, as if fully set forth herein.

WHEREFORE, Plaintiffs demand of defendants, severally and jointly, on alternative Causes of Action, as set forth in the Master Long Form Complaint filed in the Court of Common Pleas for Philadelphia County and incorporated herein by reference, a sum in excess of Fifty Thousand Dollars ($50,000.00) on each such Cause of Action, exclusive of interest and costs, and a sum in excess of Fifty Thousand Dollars ($50,000.00) in punitive damages.

**EMPLOYER LIABILITY v. CASCADES TISSUE GROUP – PENNSYLVANIA, INC., Individually and as Successor-in-Interest to and/or Parent of and/or Responsible Party for POPE & TALBOT, WIS., INC. and/or PLAINWELL, INC.; CASCADES TISSUE, LLC, Individually and as Successor-in-Interest to and/or Parent of and/or Responsible Party for POPE & TALBOT, WIS., INC., PLAINWELL, INC. and/or CASCADES TISSUE**

**GROUP – PENNSYLVANIA, INC.; CASCADES HOLDING US, INC., Individually and as Successor-in-Interest to and/or Parent of and/or Responsible Party for POPE & TALBOT, WIS., INC., PLAINWELL, INC., CASCADES TISSUE GROUP PENNSYLVANIA, INC. and/or CASCADES TISSUE, LLC; PLAINWELL, INC.; POPE & TALBOT, WIS., INC.; POPE & TALBOT, INC., Individually and as Successor-in-Interest to and/or Parent of and/or Responsible Party for POPE & TALBOT, WIS., INC.**

17.     Plaintiffs incorporate by reference paragraphs 1 through 16 as though the same were fully set forth herein.

18.     Plaintiff-Wife was employed as stated in Paragraph 10, *supra*.

19.     At all times material hereto, it was the business of Pope & Talbot, Wis., Inc.; Plainwell, Inc.; Cascades Tissue Group - Pennsylvania, Inc.; Cascades Tissue, LLC; and Cascades Holding US, Inc. to utilize asbestos and/or asbestos-containing products and/or asbestos-contaminated products and/or asbestos-containing component parts and/or equipment that specified for and/or required the use of and/or contained asbestos-containing component parts, all of which were toxic, carcinogenic and otherwise hazardous to human health and safety.

20.     While employed by Pope & Talbot, Wis., Inc.; Plainwell, Inc.; Cascades Tissue Group - Pennsylvania, Inc.; Cascades Tissue, LLC; and Cascades Holding US, Inc., Plaintiff-Wife, on a regular and frequent basis, worked directly with and/or in close proximity to others working directly with, and was proximately exposed to, asbestos and/or asbestos-containing products and/or asbestos- contaminated products and/or asbestos-containing component parts and/or equipment that specified for and/or required the use of and/or contained asbestos-containing component parts.

21.    Plaintiff-Wife's regular, frequent and proximate exposure to asbestos and/or asbestos-containing products and/or asbestos-contaminated products and/or asbestos-containing component parts and/or equipment that specified for and/or required the use of and/or contained asbestos-containing component parts while employed by Pope & Talbot, Wis., Inc.; Plainwell, Inc.; Cascades Tissue Group - Pennsylvania, Inc.; Cascades Tissue, LLC; and Cascades Holding US, Inc. resulted from the ordinary and foreseeable and intended use of said asbestos and/or asbestos- containing products and/or asbestos-contaminated products and/or asbestos-containing component parts and/or equipment that specified for and/or required the use of and/or contained asbestos-containing component parts.

22.    As set forth above, Plaintiff-Wife was, as a condition of her employment with Pope & Talbot, Wis., Inc.; Plainwell, Inc.; Cascades Tissue Group - Pennsylvania, Inc.; Cascades Tissue, LLC; and Cascades Holding US, Inc., engaged in working with, around and near and being exposed, on a daily basis, to asbestos and/or asbestos-containing products and/or asbestos-contaminated products and/or asbestos-containing component parts and/or equipment that specified for and/or required the use of and/or contained asbestos-containing component parts.

23.    During her employment by Pope & Talbot, Wis., Inc.; Plainwell, Inc.; Cascades Tissue Group - Pennsylvania, Inc.; Cascades Tissue, LLC; and Cascades Holding US, Inc., as described above, Plaintiff-Wife, on a regular and frequent basis, worked with, and in close proximity to, asbestos and/or asbestos-containing products and/or asbestos-contaminated products and/or asbestos-containing component parts and/or equipment that specified for and/or required the use of and/or contained asbestos-containing component parts.

24.    Pope & Talbot, Wis., Inc.; Plainwell, Inc.; Cascades Tissue Group - Pennsylvania, Inc.; Cascades Tissue, LLC; and Cascades Holding US, Inc. knew, or reasonably should have

known, of the hazardous, dangerous and harmful conditions described herein, including but not limited to the presence of asbestos-containing products where Plaintiff-Wife worked while employed by Pope & Talbot, Wis., Inc.; Plainwell, Inc.; Cascades Tissue Group - Pennsylvania, Inc.; Cascades Tissue, LLC; and Cascades Holding US, Inc., and said conditions involved an unreasonable risk of harm to Plaintiff and others similarly situated.

25.     Plaintiff-Wife was neither aware, nor should have been expected to be aware, of the hazardous, dangerous and harmful conditions that existed while Plaintiff-Wife worked as an employee of, and at the direction of, Pope & Talbot, Wis., Inc.; Plainwell, Inc.; Cascades Tissue Group - Pennsylvania, Inc.; Cascades Tissue, LLC; and Cascades Holding US, Inc.

26.     Pope & Talbot, Wis., Inc.; Plainwell, Inc.; Cascades Tissue Group - Pennsylvania, Inc.; Cascades Tissue, LLC; and Cascades Holding US, Inc. failed to exercise reasonable care to protect Plaintiff-Wife and others similarly situated from the hazardous, dangerous and harmful conditions that existed at Pope & Talbot, Wis., Inc.; Plainwell, Inc.; Cascades Tissue Group - Pennsylvania, Inc.; Cascades Tissue, LLC; and Cascades Holding US, Inc..

27.     Plaintiff-Wife's injuries were due proximately to the carelessness, recklessness, and negligence of Pope & Talbot, Wis., Inc.; Plainwell, Inc.; Cascades Tissue Group - Pennsylvania, Inc.; Cascades Tissue, LLC; and Cascades Holding US, Inc., as the employers of Plaintiff-Wife, either individually, or by its agents, servants, workmen and/or employees.  Said carelessness, recklessness and negligence consisted of the following:

      a.     Failing to provide warnings and protective equipment and/or apparel while Plaintiff-Wife performed work as an employee of Pope & Talbot, Wis., Inc.; Plainwell, Inc.; Cascades Tissue Group - Pennsylvania, Inc.; Cascades Tissue, LLC; and Cascades Holding US, Inc.;

b.     Permitting their employees to work at and on worksites that were unsafe, hazardous and harmful for any person, including Plaintiff-Wife;

c.     Failing to employ reasonable prudence and care to keep their employees safe;

d.     Failing to protect the rights, safety and position of their employees, including Plaintiff-Wife, when exposed to dangerous and harmful conditions while employed by Pope & Talbot, Wis., Inc.; Plainwell, Inc.; Cascades Tissue Group - Pennsylvania, Inc.; Cascades Tissue, LLC; and Cascades Holding US, Inc.;

e.     Failing to properly instruct their agents, servants, workmen and employees;

f.     Permitting a dangerous condition to exist;

g.     Failing to remove, and allowing to remain in place, hazardous and dangerous conditions while their employees performed work as directed by Pope & Talbot, Wis., Inc.; Plainwell, Inc.; Cascades Tissue Group - Pennsylvania, Inc.; Cascades Tissue, LLC; and Cascades Holding US, Inc.;

h.     Failing to give their employees, including Plaintiff-Wife, proper and adequate notice of the dangerous and hazardous conditions to which Plaintiff and the other employees of Pope & Talbot, Wis., Inc.; Plainwell, Inc.; Cascades Tissue Group - Pennsylvania, Inc.; Cascades Tissue, LLC; and Cascades Holding US, Inc., were subjected while they performed their work as instructed by Pope & Talbot, Wis., Inc.; Plainwell, Inc.; Cascades

Case ID: 170901560

Tissue Group - Pennsylvania, Inc.; Cascades Tissue, LLC; and Cascades Holding US, Inc.;

i.    Failing to warn Plaintiff-Wife of the dangerous conditions of and existing on the jobsites where she performed work while as an employee of, and at the direction of, Pope & Talbot, Wis., Inc.; Plainwell, Inc.; Cascades Tissue Group - Pennsylvania, Inc.; Cascades Tissue, LLC; and Cascades Holding US, Inc.;

j.    Allowing their employees, including Plaintiff-Wife, to work, within the course and scope of their employment, in and around said dangerous and hazardous conditions which existed  on said jobsites for an unreasonable length of time after Pope & Talbot, Wis., Inc.; Plainwell, Inc.; Cascades Tissue Group - Pennsylvania, Inc.; Cascades Tissue, LLC; and Cascades Holding US, Inc. had knowledge or should and could have had knowledge of the aforesaid conditions;

k.    Violating the applicable laws of the Commonwealth of Pennsylvania;

l.    Otherwise failing to use due care under the circumstances;

m.    Was negligent as a matter of law; and

n.    Was otherwise negligent in other ways as shall appear in the course of discovery to be conducted pursuant to the Pennsylvania Rules of Civil Procedure or at the trial of the instant matter.

28.    The actions and/or failures to act of Pope & Talbot, Wis., Inc.; Plainwell, Inc.; Cascades Tissue Group - Pennsylvania, Inc.; Cascades Tissue, LLC; and Cascades Holding US, Inc., as alleged herein, amount to flagrant misconduct that was committed knowingly,

deliberately, intentionally and with appreciation and knowledge that these actions, or failures to act, would create a substantial certainty of harm to Plaintiff-Wife.

29.     The actions and/or failures to act of Pope & Talbot, Wis., Inc.; Plainwell, Inc.; Cascades Tissue Group - Pennsylvania, Inc.; Cascades Tissue, LLC; and Cascades Holding US, Inc., as alleged herein, amount to gross negligence that was committed knowingly, deliberately, intentionally and with an appreciation and knowledge that these actions, or failures to act, would create a substantial certainty of harm to Plaintiff-Wife.

30.     The actions and/or failures to act of Pope & Talbot, Wis., Inc.; Plainwell, Inc.; Cascades Tissue Group - Pennsylvania, Inc.; Cascades Tissue, LLC; and Cascades Holding US, Inc., as alleged herein, amount to outrageous, willful, wanton and/or reckless conduct that was committed knowingly, deliberately, intentionally and with an appreciation and knowledge that these actions, or failures to act, would create a substantial certainty of harm to Plaintiff-Wife.

31.     Plaintiff-Wife's injuries accrued more than three hundred weeks after the last date of Plaintiff-Wife's exposure to asbestos while employed by Pope & Talbot, Wis., Inc.; Plainwell, Inc.; Cascades Tissue Group - Pennsylvania, Inc.; Cascades Tissue, LLC; and Cascades Holding US, Inc., in an occupation or industry wherein Plaintiff-Wife was exposed to asbestos and the risk of asbestos-related malignant mesothelioma.

32.     The injuries and damages sustained by Plaintiff-Wife as alleged herein were a direct and proximate result of the gross negligence and/or carelessness of Pope & Talbot, Wis., Inc.; Plainwell, Inc.; Cascades Tissue Group - Pennsylvania, Inc.; Cascades Tissue, LLC; and Cascades Holding US, Inc. as alleged herein.

33.     The conduct of Pope & Talbot, Wis., Inc.; Plainwell, Inc.; Cascades Tissue Group - Pennsylvania, Inc.; Cascades Tissue, LLC; and Cascades Holding US, Inc., as alleged here was

a factual cause of Plaintiffs' losses and damages as alleged herein.

34.    In addition to the matters specifically set forth herein, Plaintiffs incorporate by reference all of the allegations set forth in Count VII (Employer Defendants' Tortious Conduct) of the Master Plaintiffs' Complaint prepared and filed pursuant to the order establishing the Master Pleadings Procedure in the Court of Common Pleas for Philadelphia County against Pope & Talbot, Wis., Inc.; Plainwell, Inc.; Cascades Tissue Group - Pennsylvania, Inc.; Cascades Tissue, LLC; and Cascades Holding US, Inc., as if fully set forth herein.

WHEREFORE, Plaintiffs demand of defendants, Cascades Tissue Group – Pennsylvania, Inc., Individually and as Successor-in-Interest to and/or Parent of and/or Responsible Party for Pope & Talbot, Wis., Inc. and/or Plainwell, Inc.; Cascades Tissue, LLC, Individually and as Successor-in-Interest to and/or Parent of and/or Responsible Party for Pope & Talbot, Wis, Inc., Plainwell, Inc. and/or Cascades Tissue Group – Pennsylvania, Inc.; Cascades Holding US, Inc., Individually and as Successor-in-Interest to and/or Parent of and/or Responsible Party for Pope & Talbot, Wis., Inc., Plainwell, Inc., Cascades Tissue Group – Pennsylvania, Inc. and/or Cascades Tissue, LLC; Plainwell, Inc.; Pope & Talbot, Wis., Inc.; and Pope & Talbot, Inc., Individually and as Successor in Interest to and/or Parent of and/or Responsible Party for Pope & Talbot, Wis., Inc., a sum in excess of Fifty Thousand Dollars ($50,000.00) on each such Cause of Action, exclusive of interest and costs, and a sum in excess of Fifty Thousand Dollars ($50,000.00) in punitive damages.

## NEGLIGENT CREATION AND/OR MAINTENANCE OF DANGEROUS CONDITION ON LAND CAUSING HARM TO OTHERS OUTSIDE THE LAND v. POPE & TALBOT WIS., INC.

35. Plaintiffs incorporate by reference paragraphs 1 through 34 as though the same were fully set forth herein.

36. Plaintiff-Husband worked lawfully on the premises of Pope & Talbot, Wis., Inc. (Paper Mill) from 1987 to 1992 as a paper mill utility worker, napkin operator, case sealer helper and towel helper..

37. Pope & Talbot Wis., Inc. knew or reasonably should have known of the hazardous, dangerous and harmful conditions, including but not limited to the presence of asbestos containing products, existing on its property and that said conditions involved an unreasonable risk of harm to Plaintiff-Wife and others similarly situated.

38. Neither Plaintiff-Husband nor Plaintiff-Wife were aware, nor should have been expected to be aware, of the hazardous, dangerous and harmful conditions that existed on the Pope & Talbot Wis., Inc. property.

39. Pope & Talbot Wis., Inc. failed to exercise reasonable care to protect Plaintiff-Wife and others similarly situated from the hazardous, dangerous and harmful conditions that existed on its property.

40. Plaintiff-Wife's injuries were due proximately to the carelessness, recklessness, and negligence of Pope & Talbot Wis., Inc., either individually or by its agents, servants, workmen and/or employees.  Said carelessness, recklessness and negligence consisted of the following:

a.    Failing to maintain the premises in a safe manner;

b.    Permitting the premises to remain unsafe, hazardous and harmful for any person, including Plaintiff-Wife;

c.    Failing to employ reasonable prudence and care to keep the premises in a safe condition;

d.     Failing to protect the rights, safety and position of Plaintiff-Wife;

e.     Failing to properly instruct its agents, servants, workmen and employees;

f.     Permitting a dangerous condition to exist;

g.     Failing to inspect and maintain said premises;

h.     Failing to remove and permit to remain hazardous and dangerous conditions on said premises;

i.     Failing to give proper and adequate notice of the dangerous and hazardous conditions on said premises;

j.     Failing to warn Plaintiff-Husband and Plaintiff-Wife of the dangerous conditions of the premises;

k.     Allowing said dangerous and hazardous conditions to exist on said premises for an unreasonable length of time after defendant had knowledge or should and could have had knowledge of the aforesaid conditions;

l.     Violating the applicable laws of the Commonwealth of Pennsylvania;

m.    Otherwise failing to use due care under the circumstances;

n.     Was negligent as a matter of law;

o.     Was otherwise negligent in other ways as shall appear in the course of discovery to be conducted pursuant to the Pennsylvania Rules of Civil Procedure or at the trial of the instant matter.

WHEREFORE, Plaintiffs demand of defendant, Pope & Talbot Wis., Inc., a sum in excess of Fifty Thousand Dollars ($50,000.00) on each such Cause of Action, exclusive of interest and costs, and a sum in excess of Fifty Thousand Dollars ($50,000.00) in punitive damages.

Case ID: 170901560

## CLAIMS AGAINST METROPOLITAN LIFE INSURANCE COMPANY

41.      Plaintiffs incorporate by reference paragraphs 1 through 40 as though the same were fully set forth herein.

42.      Defendant, Metropolitan Life Insurance Company, is sued herein for its conduct and omissions as a consultant to certain corporations, all as described in Count IX of the Master Plaintiff's Complaint, prepared and filed pursuant to the order establishing the Master Pleadings Procedure in the Court of Common Pleas for Philadelphia County against all defendants.

43.      Plaintiffs incorporate by reference against defendant, Metropolitan Life Insurance Company, all of the allegations against defendant, Metropolitan Life Insurance Company, set forth in Count IX the Master Plaintiff's Complaint prepared and filed pursuant to the order establishing the Master Pleadings Procedure in the Court of Common Pleas for Philadelphia County, as if fully set forth herein.

WHEREFORE, Plaintiffs demand of defendant, Metropolitan Life Insurance Company, a sum in excess of Fifty Thousand Dollars ($50,000.00) on each such Cause of Action, exclusive of interest and costs, and a sum in excess of Fifty Thousand Dollars ($50,000.00) in punitive damages.

SHEIN LAW CENTER, LTD.


By: _____
     Benjamin P. Shein
     Attorney for Plaintiffs


Date: ___8/9/18___

Case ID: 170901560

COMMONWEALTH OF PENNSYLVANIA        :
                                                                          SS
COUNTY OF PHILADELPHIA              :


        I, Shirley Sutter, being duly sworn according to law, depose and say that I am the plaintiff

herein and that the facts set forth in the foregoing are true and correct to the best of my knowledge,

information and belief.  I understand that the statements herein are subject to the penalties of 18 Pa.

C.S. Section 4904 relating to unsworn falsification to authorities.


                                                              _Shirley Sutter_ (SEAL)
                                                              Shirley Sutter

Date: 8/9/18



Filed and Attested by the
Office of Judicial Records
06 SEP 2018 09:28 am
M. RUSSO

Catherine N. Jasons, Esquire                    Attorney for Defendant:
cjasons@kjmsh.com                               Union Carbide Corporation
I.D. No. 30105
Kelley Jasons McGowan Spinelli Hanna &
Reber, LLP
Two Liberty Place, Suite 1900
50 South 16th Street
Philadelphia, PA  19102
(215) 854-0658

---

SHIRLEY SUTTER and GLEN SUTTER, w/h   :   PHILADELPHIA COUNTY
                                      :   COURT OF COMMON PLEAS
                                      :
                                      :
               vs.                    :   SEPTEMBER TERM, 2017
                                      :   NO. 1560
                                      :
                                      :
UNION CARBIDE CORP., et al.           :   ASBESTOS CASE

---

### ENTRY OF APPEARANCE AND ANSWER OF DEFENDANT UNION CARBIDE CORPORATION TO PLAINTIFFS' COMPLAINT

Pursuant to Rule 1041.1(c) of the Pennsylvania Rules of Civil Procedure, Catherine N.

Jasons, Esquire, enters her appearance on behalf of Union Carbide Corporation and hereby

answers the Complaint filed in the above-captioned matter.  By operation of this Rule, this Entry

constitutes a denial of all averments of fact in the Complaint, an allegation of all affirmative

Case ID: 170901560

defenses and a claim for indemnification and contribution from all other defendants and additional defendants.

This entry is further filed in accordance with Philadelphia County Court of Common Pleas Local Rule 1019.1. Answering defendant hereby incorporates by reference the Defendants' Master New Matter, and all amendments thereto, filed by defendants in In Re: Asbestos Litigation, Special Asbestos Docket, October Term, 1986, Number 0001.

**KELLEY JASONS McGOWAN SPINELLI HANNA & REBER, LLP**

BY: _/s/ Catherine N. Jasons_
      Catherine N. Jasons
      Attorney for Defendant
      Union Carbide Corporation

Case ID: 170901560

## CERTIFICATE OF SERVICE

I, Catherine N. Jasons, do hereby certify that a true and correct copy of the foregoing

Entry of Appearance and Answer of Defendant Union Carbide Corporation to Plaintiffs'

Complaint was filed this date via the First Judicial District of Philadelphia Court of Common

Pleas Civil Trial Division's E-Filing System and thereby deemed served on all counsel of record

pursuant to Rule 205.4(g) of the Pennsylvania Rules of Civil Procedure.


*/s/ Catherine N. Jasons*
Catherine N. Jasons


Dated:  September 6, 2018

## CERTIFICATION OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.


**KELLEY JASONS McGOWAN SPINELLI HANNA & REBER, LLP**

BY: */s/ Catherine N. Jasons*
       Catherine N. Jasons
       Attorney for Defendant
       Union Carbide Corporation


Dated: September 6, 2018



235 SOUTH 13TH STREET
PHILADELPHIA, PA 19107
PHONE: (215) 546-7400
FAX: (215) 985-0169



National Association of
Professional Process Servers

| Shirley Sutter and Glen Sutter | : | **COURT** | Court of Common Pleas of Pennsylvania Philadelphia County - Civil |
|---|---|---|---|
| -VS- | | | |
| Certainteed Corporation, et al | : | **CASE NUMBER** | |

**AFFIDAVIT**

State of _____

County of _____

**B&R Control #** CS152267.01

**Reference Number**

---

**FORWARDED SERVICE**

Now, on 8/14/2018, I do hereby request the Sheriff of **Dauphin County**
to serve this **Civil Action Complaint** and make return thereof in accordance with the Law, for service upon
**Cascades Tissue Group- Pennsylvania, Inc., Individually dba Successor-in-Interest to Parent of Responsible Party for POPE & TALBO, WIS., Inc. dba Plainwell, Inc.** at **c/o CT Corporation Systems, 600 North 2nd Street, Suite 401, Harrisburg, PA 17101**
By (Competent Adult) Sofia Deihl     Sheriff Check Amt $116   #47722 1/4

**** SPECIAL INSTRUCTIONS" ****
1/3



See Attached

---

☐ **Served  Date** _____ **Time** _____ **Accepted By:** _____

In the manner described below.
☐ Personally served.
☐ Adult in charge of residence. Relationship is _____
☐ Adult in charge of residence who refused to give name and/or relationship. _____
☐ Manager/Clerk of place of residence lodging _____
☐ Agent or person authorized to accept service _____
☐ Other _____

**Description of Person**   Age _____ Height _____ Weight _____ Race _____ Sex _____
Other _____

☐ **Not Served   Date** _____ **Time** _____ ☐ Moved ☐ Unknown ☐ No Answer ☐ Vacant

☐ **Other** _____

---

The Process Server, was at the time of service a competent adult, over 18 years of age, not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

Process Server/Sheriff _____

Sworn to and subscribed before me this
_____ day of _____

Notary Public _____

---

Client   Phone (215) 735-6677     [ ___ : ___ ]   **Filed Date:** 08/09/2018   **BR Serve By:** 09/07/2018

Kelly Coughlan, Paralegal
Shein Law Center, Ltd.
121 South Broad Street
Twenty First Floor
Philadelphia, PA 19107

Case ID: 170901560

ORIGINAL

# Office of the Sheriff



David E. Olweiler
Real Estate Deputy

David B. Dowling
Solicitor

Jack Duignan
Chief Deputy

Dauphin County
101 Market Street
Harrisburg, Pennsylvania 17101-2079
ph: (717) 780-6590 fax: (717) 780-6557

Nicholas Chimienti Jr.
Sheriff

**Commonwealth of Pennsylvania**          :          SHIRLEY SUTTER AND GLEN SUTTER, W/H

                                                                    VS

**County of Dauphin**                              :          CASCADES TISSUE GROUP - PENNSYLVANIA, INC., ET AL

Sheriff's Return
No. 2018-T-2336
OTHER COUNTY NO. 170901560

And now: AUGUST 27, 2018 at 1:50:00 PM served the within COMPLAINT IN ASBESTOS upon CASCADES TISSUE GROUP - PENNSYLVANIA, INC., ET AL by personally handing to STEFONI MURPHY (INTAKE SPECIALIST) 1 true attested copy of the original COMPLAINT IN ASBESTOS and making known to him/her the contents thereof at C/O CT CORP, 600 N 2ND STREET, SUITE 401 HARRISBURG PA 17101

Sworn and subscribed to
before me this 28TH day of August, 2018

**COMMONWEALTH OF PENNSYLVANIA**

NOTARIAL SEAL
Karen M. Hoffman, Notary Public
City of Harrisburg, Dauphin County
My Commission Expires January 8, 2022
Commission number 1257392

So Answers,

_____
Sheriff of Dauphin County, Pa.

By_____
Deputy Sheriff
Deputy: DOMINIC M CRISTILLO
Sheriff's Costs: $116 8/17/2018

Case ID: 170901560



235 SOUTH 13TH STREET
PHILADELPHIA, PA 19107
PHONE: (215) 546-7400
FAX: (215) 985-0169



National Association of
Professional Process Servers

| | | | |
|---|---|---|---|
| Shirley Sutter and Glen Sutter | : | **COURT** | Court of Common Pleas of Pennsylvania Philadelphia County - Civil |
| -VS- | | | |
| Certainteed Corporation, et al | : | **CASE NUMBER** | 170901560 Attested by the Office of Judicial Records 06 SEP 2018 03:59 pm G. IMPERATO |
| State of _____ | | **AFFIDAVIT** | |
| County of _____ | | | |

B&R Control # CS152267.02

Reference Number

## FORWARDED SERVICE

Now, on 8/14/2018, I do hereby request the Sheriff of Dauphin County
to serve this **Civil Action Complaint** and make return thereof in accordance with the Law, for service upon
**Cascades Holdings US, Inc., Individually dba Successor-in-Interest to Parent of Responsible Party for POPE & TALBOT, WIS., Inc.,dba Plainwell, Inc., dba Cascades Tissue Group- Pennsylvania, Inc., dba Cascades Tissue, LLC at c/o CT Corporation Systems, 600 North 2nd Street, Suite 401, Harrisburg, PA 17101**
By (Competent Adult) Sofia Deihl      Sheriff Check Amt $0   #47722 2/4

**** SPECIAL INSTRUCTIONS" ****
2/3

See Attached

☐ Served **Date** _____ **Time** _____ **Accepted By:** _____

In the manner described below.
☐ Personally served.
☐ Adult in charge of residence. Relationship is _____
☐ Adult in charge of residence who refused to give name and/or relationship. _____
☐ Manager/Clerk of place of residence lodging _____
☐ Agent or person authorized to accept service _____
☐ Other _____

**Description of Person**   Age _____   Height _____   Weight _____   Race _____   Sex _____
Other _____

☐ **Not Served**   **Date** _____   **Time** _____   ☐ Moved   ☐ Unknown   ☐ No Answer   ☐ Vacant
☐ Other _____

The Process Server, was at the time of service a competent adult, over 18 years of age, not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

Sworn to and subscribed before me this _____ day of _____

Process Server/Sheriff _____          Notary Public _____

Client   Phone (215) 735-6677

| | : | | **Filed Date:** | 08/09/2018 | **BR Serve By:** | 09/07/2018 |
|---|---|---|---|---|---|---|

Kelly Coughlan, Paralegal
Shein Law Center, Ltd.
121 South Broad Street
Twenty First Floor
Philadelphia, PA 19107



ORIGINAL

Case ID: 170901560

# Office of the Sheriff



David E. Olweiler
Real Estate Deputy

David B. Dowling
Solicitor

Jack Duignan
Chief Deputy

Dauphin County
101 Market Street
Harrisburg, Pennsylvania 17101-2079
ph: (717) 780-6590 fax: (717) 780-6557

Nicholas Chimienti Jr.
Sheriff

**Commonwealth of Pennsylvania**          :          SHIRLEY SUTTER AND GLEN SUTTER, W/H

                                                                                                      VS

**County of Dauphin**          :          CASCADES TISSUE GROUP - PENNSYLVANIA, INC., ET AL

Sheriff's Return
No. 2018-T-2336
OTHER COUNTY NO. 170901560

And now: AUGUST 27, 2018 at 1:50:00 PM served the within COMPLAINT IN ASBESTOS upon CASCADES HOLDINGS US, INC., ET AL by personally handing to STEFONI MURPHY (INTAKE SPECIALIST) 1 true attested copy of the original COMPLAINT IN ASBESTOS and making known to him/her the contents thereof at C/O CT CORP, 600 N 2ND STREET, SUITE 401 HARRISBURG PA 17101

Sworn and subscribed to
before me this 28TH day of August, 2018

So Answers,

Sheriff of Dauphin County, Pa.

By
Deputy Sheriff
Deputy: DOMINIC M CRISTILLO
Sheriff's Costs: $116 8/17/2018

**COMMONWEALTH OF PENNSYLVANIA**
NOTARIAL SEAL
Karen M. Hoffman, Notary Public
City of Harrisburg, Dauphin County
My Commission Expires January 8, 2022
Commission number 1257392

Case ID: 170901560



235 SOUTH 13TH STREET
PHILADELPHIA, PA 19107
PHONE: (215) 546-7400
FAX: (215) 985-0169



National Association of
Professional Process Servers

Shirley Sutter and Glen Sutter                    :    **COURT**        Court of Common Pleas of
                                                                       Pennsylvania
        -VS-                                                           Philadelphia County - Civil
Certainteed Corporation, et al                    :    **CASE NUMBER**  170901560

State of _____                             **AFFIDAVIT**

County of _____

                                                       **B&R Control # CS152267.03**
                                                       **Reference Number**

---

**FORWARDED SERVICE**

Now, on **8/14/2018**, I do hereby request the Sheriff of **Dauphin County**
to serve this **Civil Action Complaint** and make return thereof in accordance with the Law, for service upon
**Plainwell, Inc.** at **c/o Corporation Services Company, 2595 Interstate Drive, Suite 103, Harrisburg, PA 17110**
By (Competent Adult) Sofia Deihl          Sheriff Check Amt $0   #47722 3/4

**** SPECIAL INSTRUCTIONS" ****
1/1

See Attached

---

☐ **Served  Date** _____ **Time** _____ **Accepted By:** _____

In the manner described below.
☐ Personally served.
☐ Adult in charge of residence. Relationship is          _____
☐ Adult in charge of residence who refused to give name and/or relationship.   _____
☐ Manager/Clerk of place of residence lodging            _____
☐ Agent or person authorized to accept service           _____
☐ Other _____

**Description of Person**   Age _____  Height _____  Weight _____  Race _____  Sex _____
                            Other _____

☐ **Not Served   Date** _____ **Time** _____   ☐ Moved   ☐ Unknown   ☐ No Answer   ☐ Vacant

☐ Other _____

---

The Process Server, was at the time of service a competent adult, over 18      Sworn to and subscribed before me this
years of age, not having a direct interest in the litigation. I declare under   _____ day of _____
penalty of perjury that the foregoing is true and correct.
                                                                               Notary Public
Process Server/Sheriff _____

---

Client      Phone (215) 735-6677      _____ : _____   **Filed Date:** 08/09/2018   **BR Serve By:** 09/07/2018

Kelly Coughlan, Paralegal
Shein Law Center, Ltd.
121 South Broad Street
Twenty First Floor
Philadelphia, PA  19107



Case ID: 170901560

# Office of the Sheriff



David E. Olweiler
Real Estate Deputy

David B. Dowling
Solicitor

Jack Duignan
Chief Deputy

Dauphin County
101 Market Street
Harrisburg, Pennsylvania 17101-2079
ph: (717) 780-6590 fax: (717) 780-6557

Nicholas Chimienti Jr.
Sheriff

**Commonwealth of Pennsylvania**          :          SHIRLEY SUTTER AND GLEN SUTTER, W/H

                                                                          VS

**County of Dauphin**          :          CASCADES TISSUE GROUP - PENNSYLVANIA, INC., ET AL

Sheriff's Return
No. 2018-T-2336
OTHER COUNTY NO. 170901560

And now: AUGUST 20, 2018 at 11:00:00 AM served the within COMPLAINT IN ASBESTOS upon PLAINWELL, INC. by personally handing to LINDSEY BOSS-RUCH (SERVICE SPECIALIST) 1 true attested copy of the original COMPLAINT IN ASBESTOS and making known to him/her the contents thereof at C/O CSC, 2595 INTERSTATE DRIVE, SUITE 103 HARRISBURG PA 17101

Sworn and subscribed to
before me this 28TH day of August, 2018

**COMMONWEALTH OF PENNSYLVANIA**
NOTARIAL SEAL
Karen M. Hoffman, Notary Public
City of Harrisburg, Dauphin County
My Commission Expires January 8, 2022
Commission number 1257392

So Answers,

Sheriff of Dauphin County, Pa.

By _____
Deputy Sheriff
Deputy: PAUL R LEGGORE, JR
Sheriff's Costs: $116 8/17/2018

Case ID: 170901560



**B&R**
Services for Professionals Inc.

235 SOUTH 13TH STREET
PHILADELPHIA, PA 19107
PHONE: (215) 546-7400
FAX: (215) 985-0169



National Association of
Professional Process Servers

Shirley Sutter and Glen Sutter

    -VS-
Certainteed Corporation, et al

:    **COURT**

:    **CASE NUMBER**

**AFFIDAVIT**

Court of Common Pleas of
Pennsylvania
Philadelphia County - Civil
170901560

*Record Attested by the*
*Office of Judicial Records*
*06 SEP 2018 04:04 pm*
*G. IMPERATO*

State of _____

County of _____

**B&R Control # CS152267.04**

**Reference Number**

---

**FORWARDED SERVICE**

Now, on 8/14/2018, I do hereby request the Sheriff of Dauphin County
to serve this **Civil Action Complaint** and make return thereof in accordance with the Law, for service upon
Union Carbide Corporation at c/o CT Corporation Systems, 600 North 2nd Street, Suite 401, Harrisburg, PA 17101
By (Competent Adult) Sofia Deihl     Sheriff Check Amt $0   #47722 4/4

**** SPECIAL INSTRUCTIONS" ****
3/3

See Attached

---

☐ **Served  Date** _____ **Time** _____ **Accepted By:** _____

In the manner described below.
☐ Personally served.
☐ Adult in charge of residence. Relationship is _____
☐ Adult in charge of residence who refused to give name and/or relationship. _____
☐ Manager/Clerk of place of residence lodging _____
☐ Agent or person authorized to accept service _____
☐ Other _____

**Description of Person**   Age _____ Height _____ Weight _____ Race _____ Sex _____
               Other _____

☐ **Not Served**   **Date** _____ **Time** _____   ☐ Moved   ☐ Unknown   ☐ No Answer   ☐ Vacant
☐ Other _____

The Process Server, was at the time of service a competent adult, over 18
years of age, not having a direct interest in the litigation. I declare under
penalty of perjury that the foregoing is true and correct.

Sworn to and subscribed before me this
_____ day of _____

Notary Public _____

Process Server/Sheriff _____

---

Client    Phone (215) 735-6677      :    **Filed Date:** 08/09/2018   **BR Serve By:** 09/07/2018

Kelly  Coughlan, Paralegal
Shein Law Center, Ltd.
121 South Broad Street
Twenty First Floor
Philadelphia, PA  19107



Case ID: 170901560

# Office of the Sheriff



David E. Olweiler
Real Estate Deputy

David B. Dowling
Solicitor

Jack Duignan
Chief Deputy

Dauphin County
101 Market Street
Harrisburg, Pennsylvania 17101-2079
ph: (717) 780-6590 fax: (717) 780-6557

Nicholas Chimienti Jr.
Sheriff

**Commonwealth of Pennsylvania**      :      SHIRLEY SUTTER AND GLEN SUTTER, W/H

VS

**County of Dauphin**      :      CASCADES TISSUE GROUP - PENNSYLVANIA, INC., ET AL

Sheriff's Return

No. 2018-T-2336

OTHER COUNTY NO. 170901560

And now: AUGUST 27, 2018  at 1:50:00 PM served the within COMPLAINT IN ASBESTOS upon UNION CARBIDE CORPORATION by personally handing to STEFONI MURPHY (INTAKE SPECIALIST)  1 true attested copy of the original  COMPLAINT IN ASBESTOS  and making known to him/her the contents thereof at C/O CT CORP, 600 N 2ND STREET, SUITE 401 HARRISBURG PA 17101

Sworn and subscribed to
before me this  28TH day of August, 2018

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Karen M. Hoffman, Notary Public
City of Harrisburg, Dauphin County
My Commission Expires January 8, 2022
Commission number 1257392

So Answers,

Sheriff of Dauphin County, Pa.

By

Deputy Sheriff
Deputy: DOMINIC M CRISTILLO
Sheriff's Costs: $116 8/17/2018

Case ID: 170901560

**GOLDBERG SEGALLA LLP**
**BY: Joseph Cagnoli Jr.**
**Attorney ID No: 65687**
**Gregory M. McNamee**
**Attorney ID No: 203767**
**P.O. Box 360, Buffalo, NY 14201**
**1700 Market Street, Suite 1418**
**Philadelphia, PA 19103-3907**
**T: 267.519.6800**
**F: 267.519.6801**
**Email: jcagnoli@goldbergsegalla.com**
**gmcnamee@goldbergsegalla.com**

*Attorneys for Defendant, Cascades Tissue Group – Pennsylvania, a division of Cascades Holding US Inc.*

| | | |
|---|---|---|
| SHIRLEY SUTTER AND GLEN SUTTER, W/H, | : | COURT OF COMMON PLEAS PHILADELPHIA COUNTY |
| Plaintiff(s), | : | SEPTEMBER, 2017 |
| V. | : | |
| CASCADES TISSUE GROUP ET AL., | : | NO.: 1560 |
| Defendant(s). | : | |

## ENTRY OF APPEARANCE

In accordance with Pa.R.C.P. 1041.1(c), kindly enter our appearance on behalf of Defendant, Cascades Tissue Group – Pennsylvania, a division of Cascades Holding US Inc. (incorrectly identified as "Cascades Tissue Group – Pennsylvania, Inc., Individually and as Successor-in-Interest to and/or Parent of and/or Responsible Party for Pope & Talbot, Wis., Inc. and/or Plainwell, Inc." and "Cascades Tissue, LLC, Individually and as Successor-in-Interest to and/or Parent of and/or Responsible Party for Pope & Talbot, Wis., Inc., Plainwell, Inc. and/or Cascades Tissue Group – Pennsylvania, Inc." and "Cascades Holdings US, Inc., Individually and as Successor-in-Interest to and/or Parent of and/or Responsible Party for Pope & Talbot, Wis., Inc., Plainwell, Inc., Cascades Tissue Group – Pennsylvania, Inc., and/or Cascades Tissue, LLC"), in the above matter.

Case ID: 170901560

**GOLDBERG SEGALLA LLP**

BY:   *s/ Joseph Cagnoli, Jr.*
JOSEPH CAGNOLI, JR., ESQ.
GREGORY M. MCNAMEE, ESQ.
Attorneys for Defendant, Cascades Tissue
Group – Pennsylvania, a division of
Cascades Holding US Inc.

Dated:        September 18, 2018

2

Case ID: 170901560

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of September, 2018, I electronically filed the above Entry of Appearance with the Prothonotary using The Philadelphia Court of Common Pleas Electronic Filing System which will send notification of such filing to counsel of record. Upon receipt of the notification, if counsel is not a registered e-filer, a hard copy will be served via first class mail, postage pre-paid.

BY: *s/ Joseph Cagnoli, Jr.*
       JOSEPH CAGNOLI, JR., ESQ.
       GREGORY M. MCNAMEE, ESQ.
       Attorneys for Defendant, Cascades
       Tissue Group – Pennsylvania, a
       division of Cascades Holding US Inc.

3

**SALMON, RICCHEZZA, SINGER & TURCHI, LLP**
By:    Stewart R. Singer, Esquire
        Attorney ID No. 62006
1601 Market Street, Suite 2500
Philadelphia, PA 19102
Email: ssinger@srstlaw.com
Telephone: 215-606-6600
Facsimile:  215-606-6601

Attorney for Defendant:
Metropolitan Life Insurance Company

*Filed and Attested by the*
*Office of Judicial Records*
*16 OCT 2018 12:17 pm*
*R. MASCUILLI*

---

| | |
|---|---|
| SHIRLEY SUTTER and GLEN SUTTER, w/h, | : IN THE COURT OF COMMON PLEAS |
| | : PHILADELPHIA COUNTY |
| *Plaintiffs,* | : CIVIL DIVISION |
| *vs.* | : |
| | : SEPTEMBER TERM, 2017 |
| METROPOLITAN LIFE INSURANCE | : No. 1560 |
| COMPANY, et al., | : |
| | : ASBESTOS CASE |
| *Defendants* | : |

## ENTRY OF APPEARANCE

TO THE PROTHONOTARY:

Kindly enter the appearance of Stewart R. Singer, Esquire, on behalf of Defendant,

Metropolitan Life Insurance Company, in the above-captioned matter.

SALMON, RICCHEZZA, SINGER & TURCHI, LLP

By:   */s/ Stewart R. Singer*
        Stewart R. Singer, Esquire
        Attorney for Defendant,
        Metropolitan Life Insurance Company

Dated:  October 16, 2018

{J0249486.DOC}



**FILED**
04 FEB 2019 12:35 pm
Civil Administration
E. MASCUILLI

SheinLaw.com

**Pennsylvania Office**
121 South Broad St.
21st Floor
Philadelphia, PA 19107

P: 215.735.6677
F: 215.732.3630

**New Jersey Office**
5434 King Ave.
Suite 202
Pennsauken, NJ 08109

P: 856.427.9527
F: 856.427.9585

February 4, 2019

The Honorable Arnold L. New
Complex Litigation Center
Court of Common Pleas of
    Philadelphia County
622 City Hall
Philadelphia, Pennsylvania 19107

Attention:     Annette J. Ferrara, Esquire
               Joshua B. New, Esquire
               Bailey E. Axe, Esquire

## JUNE 2019 TRIAL GROUP
## SHEIN (MESOTHELIOMA) NO. 2609

## CONTROL NUMBER 1902_____

Plaintiff's Counsel:        Benjamin P. Shein, Esquire
Defendant's Counsel:        Joseph Cagnoli, Jr., Esquire

Plaintiff's Motion Filed:   February 4, 2019
Defendant's Response Due:   February 11, 2019

*Shirley A. Sutter and Glen Sutter, Wife and*
*    Husband v. Cascades Tissue Group, Inc., et al.*
September Term 2017, No. 01560_____

## PLAINTIFFS' MOTION TO COMPEL DISCOVERY
## DIRECTED TO DEFENDANT CASCADES TISSUE GROUP –
## PENNSYLVANIA, A DIVISION OF CASCADES HOLDINGS US, INC.

Case ID: 170901560
Control No.: 19020438

IN THE COURT OF COMMON PLEAS
OF PHILADELPHIA COUNTY, PENNSYLVANIA
FIRST JUDICIAL DISTRICT – CIVIL TRIAL DIVISION

*SHIRLEY SUTTER* and *GLEN SUTTER*, Wife and Husband,                 :
                                                                     :
                                                                     :
                    Plaintiffs,                                       :
                                                                     :       SEPTEMBER TERM 2017
          v.                                                          :
                                                                     :           NO. 01560
*CASCADES TISSUE GROUP, INC., Et Al.*,                                :
                                                                     :
                    Defendants.                                       :       JURY TRIAL DEMANDED

# O R D E R

AND NOW, to wit, this _____ day of February 2019, upon consideration of

Plaintiff's Motion to Compel Discovery Directed to Defendant Cascades Tissue Group –

Pennsylvania, a Division of Cascades Holdings US, Inc. (Control No. **1902**_____) and the

papers filed in support thereof and in opposition thereto, it is hereby **ORDERED, ADJUDGED**

and **DECREED** that said Motion is **GRANTED**, as follows:

1.       Within five (5) days of the date of this Order, defendant Cascades Tissue Group –

Pennsylvania, a Division of Cascades Holdings US, Inc. will serve upon counsel for plaintiffs

Shirley A. Sutter and Glen Sutter, Wife and Husband, full and complete answers, without

objections, to each of the interrogatories set forth in Plaintiffs' First Set of Interrogatories and

Requests for the Production of Documents and Things Propounded Upon Defendant Cascades

Tissue Group – Pennsylvania, a Division of Cascades Holdings US, Inc.

Case ID: 170901560
Control No.: 19020438

2.      Within five (5) days of the date of this Order, defendant Cascades Tissue Group –

Pennsylvania, a Division of Cascades Holdings US, Inc. will produce to Plaintiffs' counsel,

without objections, full and complete copies of all documents within its possession, custody

and/or control that are responsive to any of the requests for the production of documents and

things contained in Plaintiffs' First Set of Interrogatories and Requests for the Production of

Documents and Things Propounded Upon Defendant Cascades Tissue Group – Pennsylvania, a

Division of Cascades Holdings US, Inc.

3.      Failure on the part of defendant Cascades Tissue Group – Pennsylvania, a

Division of Cascades Holdings US, Inc. to comply with the provisions of this Order may, upon

application, result in the imposition of sanctions.

BY THE COURT:

_____

Hon. Arnold L. New

- 2 -

Case ID: 170901560
Control No.: 19020438

Plaintiffs Shirley A. Sutter and Glen Sutter, Wife and Husband, acting by and through their undersigned counsel, hereby submit, pursuant to the asbestos procedures adopted by this Court, this Letter Motion to Compel Discovery Directed to Defendant Cascades Tissue Group – Pennsylvania, a Division of Cascades Holdings US, Inc. (hereinafter referred to as "Plaintiffs' Motion"). For the reasons set forth below, Plaintiffs respectfully requests that this Honorable Court grant Plaintiffs' Motion and enter an appropriate Order directing defendant Cascades Tissue Group – Pennsylvania, a Division of Cascades Holdings US, Inc. (hereinafter referred to as "Cascades")[1] to promptly and fully respond to Plaintiffs' written discovery requests (interrogatories and requests for the production of documents and things).

# ARGUMENT

Plaintiff Shirley A. Sutter was diagnosed with malignant mesothelioma in April 2017. Ms. Sutter's mesothelioma was caused by her occupational exposure to asbestos. As alleged in Plaintiffs' Complaint, Ms. Sutter was exposed to asbestos as a result of her employment at Cascades fiber plant in Ransom, Pennsylvania. At Cascades, Ms. Sutter was exposed to tanks, vessels, overhead pipes and other equipment that was present throughout the plant. The tanks, vessels, pipes and other equipment were covered with asbestos insulation materials. As Ms. Sutter and others walked by, the asbestos insulation would frequently tear and flake off, causing asbestos fibers to become airborne. In addition, during plant operations, the overhead pipes and other equipment vibrated, casing the asbestos insulation materials, which were deteriorated, to release asbestos-laden dust into the air. Ms. Sutter was exposed to, and breathed in, the airborne asbestos fibers and, as a result, Ms. Sutter developed – and will ultimately die from – asbestos-related malignant mesothelioma.

Plaintiffs' claims against Cascades are based on Ms. Sutter's status as an employee of Cascades and, as such, those claims are brought pursuant to the Pennsylvania Supreme Court's decision in *Tooey v. AK Steel Corporation,* 81 A.3d 851 (Pa. 2013).

---

[1]      "Cascades," the defendant herein, is self-identified as "Cascades Tissue Group – Pennsylvania, a division of Cascades Holding US Inc." Cascades is identified in Plaintiffs' Complaint as follows:

    a.       CASCADES TISSUE GROUP – PENNSYLVANIA, INC., Individually and as Successor-in-Interest to and/or Parent of and/or Responsible Party for Pope & Talbot Wis., Inc. and/or Plainwell, Inc.;

    b.       CASCADES TISSUE, LLC, Individually and as Successor-in-Interest to and/or Parent of and/or Responsible Party for Pope & Talbot Wis., Inc. and/or Plainwell, Inc.; AND

    c.       CASCADES HOLDINGS US, INC., Individually and as Successor-in-Interest to and/or Parent of and/or Responsible Party for Pope & Talbot Wis., Inc. and/or Plainwell, Inc.

On November 12, 2018, 2018, Plaintiffs served Cascades Plaintiffs' First Set of Interrogatories and Requests for the Production of Documents and Things Propounded Upon Defendant Cascades Tissue Group – Pennsylvania, a Division of Cascades Holdings US, Inc. (hereinafter referred to as Plaintiffs' Discovery Requests"). A true and correct copy of Plaintiffs' Discovery Requests is attached hereto as Exhibit "A"). Cascades's responses to Plaintiffs' Discovery Requests were due on or before December 11, 2018.

On December 3, 2018, Plaintiffs' counsel (John P. Kopesky, Esquire) was contacted via telephone by counsel for Cascades (Gregory M. McNamee, Esquire). At that time, counsel for Cascades requested additional time – until January 11, 2019, to provide written responses to Plaintiffs' Discovery Requests. Plaintiffs' counsel agreed to Cascades's request for an extension. At the same time, counsel for Cascades agreed to produce documents responsive to Plaintiffs' Discovery Requests "on a rolling basis" before January 11, 2019. *See* Exhibit "B" (Electronic Mail from Gregory M. McNamee, Esquire to John P. Kopesky, Esquire – December 3, 2018).

As of January 8, 2019, Cascades had not produced **any** documents responsive to Plaintiffs' Discovery Requests. On that date, Plaintiffs' counsel spoke with counsel for Cascades regarding the status of Cascades's responses to Plaintiffs' Discovery Requests. At that time, counsel for Cascades stated that "Cascades will soon be producing documents, and will aim to have responses [to Plaintiffs' Discovery Requests] in the next few weeks." *See* Exhibit "C" (Electronic Mail from Gregory M. McNamee, Esquire to John P. Kopesky, Esquire – January 8, 2019).

Notwithstanding the good faith efforts of Plaintiffs' counsel to cooperate with Cascades in the process of obtaining necessary and appropriate discovery from Cascades and the repeated promises and assurances of counsel for Cascades that Cascades would provide the requested discovery, the present status of Plaintiffs' Discovery Requests to Cascades is as follows:

- Plaintiff has received **no** responses to Plaintiffs' First Set of Interrogatories and Requests for the Production of Documents and Things Propounded Upon Defendant Cascades Tissue Group – Pennsylvania, a Division of Cascades Holdings US, Inc.

- **Cascades has not produce a single document responsive to Plaintiffs' Discovery Requests**.

- **Such discovery responses (interrogatories and requests for production) are now fifty-five (55) days overdue.**

In short, in spite of repeated promises and assurances, Cascades has not responded to a single discovery request. Plaintiffs' counsel, in an exercise of good faith and cooperation, has continued to press Cascades to respond to Plaintiff's discovery requests without seeking the intervention of this Court. In spite of their best efforts, the good faith and cooperation displayed by Plaintiffs' counsel in this matter has not been reciprocated by Cascades and its counsel.

Case ID: 170901560
Control No.: 19020438

**The trial of this matter is scheduled to commence on <u>June 3, 2019</u>.**  Plaintiffs, as a result of their effort to cooperate with Cascades and its counsel, have now been severely prejudiced in terms of their counsel's timely preparation for trial.  The information sought by Plaintiffs is relevant, and Plaintiffs are entitled to the discovery that they seek from Cascades.  Cascades has no basis whatsoever for its continuing failure to respond to Plaintiffs' legitimate discovery requests.

## CONCLUSION

For the foregoing reasons, plaintiffs Shirley A. Sutter and Glen Sutter, Wife and Husband, respectfully request that this Honorable Court grant the instant Plaintiff's Motion to Compel Discovery Directed to Defendant Cascades Tissue Group – Pennsylvania, a Division of Cascades Holdings US, Inc. and enter an Order, in the form attached hereto, directing defendant Cascades Tissue Group – Pennsylvania, a Division of Cascades Holdings US, Inc. to comply fully and in a timely fashion with Plaintiffs' First Set of Interrogatories and Requests for the Production of Documents and Things Propounded Upon Defendant Cascades Tissue Group – Pennsylvania, a Division of Cascades Holdings US, Inc.

Respectfully submitted,

SHEIN LAW CENTER, LTD.

By:   *Benjamin P. Shein*
　　　Benjamin P. Shein, Esquire
　　　John P. Kopesky, Esquire

　　　Attorneys for Plaintiffs
　　　　Shirley A. Sutter and Glen Sutter.
　　　　Wife and Husband

JPK/jmc
Attachments

cc:   <u>Via Electronic Service</u>

Joseph Cagnoli, Jr. Esquire (w/attachments)

- 3 -

Case ID: 170901560
Control No.: 19020438

# CERTIFICATION OF SERVICE

It is hereby certified by the undersigned member of the Bar of this Court that a copy of the foregoing Plaintiff's Motion to Compel Discovery Directed to Defendant Cascades Tissue Group – Pennsylvania, a Division of Cascades Holdings US, Inc. has been served upon the counsel whose name and address is set forth below via electronic service on Monday, the 4th day of February, 2019.

**JOSEPH CAGNOLI, JR., ESQUIRE**
**GREGORY M. McNAMEE, ESQUIRE**
Goldberg, Segalla LLP
Suite 1418
1700 Market Street
Philadelphia, Pennsylvania 19103-3907

Electronic Mail:   jcagnoli@goldbergsegalla.com
gmcnamee@goldbergsegalla.com

Attorneys for Defendant
Cascades Tissue Group – Pennsylvania

Dated:   February 4, 2018

SHEIN LAW CENTER, LTD.

By:   _John P. Kopesky_

John P. Kopesky, Esquire

Attorney for Plaintiffs
Shirley A. Sutter and Glen Sutter,
Wife and Husband

Case ID: 170901560
Control No.: 19020438



Case ID: 170901560
Control No.: 19020438

**SHEIN LAW CENTER, LTD.**
By:     Benjamin P. Shein, Esquire
          John P. Kopesky, Esquire
Identification No. 42867
Identification No. 30112
Twenty-First Floor
121 South Broad Street
Philadelphia, Pennsylvania 19107
Telephone:  215.735.6677
Facsimile:  215.732.3630                        Attorney for Plaintiffs
bshein@sheinlaw.com                               Shirley Sutter and Glen Sutter,
jkopesky@sheinlaw.com                           Wife and Husband

| | | |
|---|---|---|
| *SHIRLEY SUTTER* and *GLEN SUTTER,* Wife and Husband, | : : : | COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY FIRST JUDICIAL DISTRICT |
| Plaintiffs, | : : | CIVIL TRIAL DIVISION |
| | : | |
| v. | : : | **ASBESTOS CASE** |
| *CASCADES TISSUE GROUP, INC., Et Al.,* | : : : | SEPTEMBER TERM 2017 NO. 01560 |
| | : : | |
| Defendants. | : | JURY TRIAL DEMANDED |

## PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS PROPOUNDED UPON DEFENDANT CASCADES TISSUE GROUP – PENNSYLVANIA, A DIVISION OF CASCADES HOLDINGS US, INC.

Plaintiffs Shirley Sutter and Glen Sutter, Wife and Husband, acting by and through their

undersigned attorneys, hereby propound the following interrogatories and requests for the

production of documents and things, pursuant to Rules 4005 and 4009.11 of the Pennsylvania

Rules of Civil Procedure, upon defendant Cascades Tissue Group – Pennsylvania, a Division of

Cascades Holding US Inc. (hereinafter referred to as "Cascades")[1], as follows:

## INSTRUCTIONS[2]

### A.    Interrogatories

1.     Cascades is to answer the within Interrogatories, in writing and under oath, within

thirty (30) days after service.

2.     The within Interrogatories are to be deemed continuing so as to require modified

and/or supplemental answers in the event that Cascades obtains information pertinent thereto

between the time the answers are filed and the time the above-captioned action is concluded.

3.     Where exact information cannot be furnished, estimated information is to be

supplied.  Where an estimate is used, it should be identified as such, and an explanation given as

---

[1]     Cascades is identified in Plaintiffs' Complaint as follows:

    a.     CASCADES TISSUE GROUP – PENNSYLVANIA, INC., Individually and as Successor-in-Interest to and/or Parent of and/or Responsible Party for Pope & Talbot Wis., Inc. and/or Plainwell, Inc.;

    b.     CASCADES TISSUE, LLC, Individually and as Successor-in-Interest to and/or Parent of and/or Responsible Party for Pope & Talbot Wis., Inc. and/or Plainwell, Inc.; AND

    c.     CASCADES HOLDINGS US, INC., Individually and as Successor-in-Interest to and/or Parent of and/or Responsible Party for Pope & Talbot Wis., Inc. and/or Plainwell, Inc.

[2]     The within Instructions are to be deemed to be an integral part of the instant Interrogatories and Requests for the Production of Documents.

Case ID: 170901560
Control No.: 19020438

to the basis on which the estimates was made and the reason exact information cannot be furnished.

4. Where knowledge, information, or the identification of documents is requested, such request includes knowledge, information or documents in the possession of the servants, employees, agents, representatives and/or attorneys of Cascades.

5. Each Interrogatory refers to information in the custody, control, and possession of Cascades or known to Cascades, as well as in the custody, control, and possession of or known to Cascades's counsel, representatives, agents, servants, investigators, consultants, and other third parties retained by Cascades and/or their counsel, employees, representatives, agents, servants, investigators and consultants.

6. When, after a reasonable and thorough investigation using due diligence, you are unable to answer any of the instant Interrogatories, or any part thereof, because of lack of information available to you, specify in full and complete detail the reason the information is not available to you and what has been done to locate such information. In addition, specify what knowledge or belief you have concerning the unanswered portion of the Interrogatory in question and set forth the facts upon which such knowledge or belief is based.

7. When an Interrogatory asks that you identify documents, it shall be deemed a sufficient answer, where appropriate and possible, to furnish true and legible copies thereof together with your answers to these Interrogatories.

8. Where an Interrogatory does not specifically request particular facts, but where such facts are necessary in order to make the answer to the Interrogatory either comprehensible,

- 3 -

complete or not misleading, you are requested to include such facts as part of the answer, and the Interrogatory shall be deemed specifically to request such fact or facts.

9.    For the purposes of the instant Interrogatories, wherever necessary to insure completeness or accuracy, words importing the masculine gender include the feminine and neuter, words importing the feminine gender include the masculine and neuter, and words importing the neuter gender include the masculine and feminine.

10.    If you claim any form of privilege, whether based on statute or otherwise, as a ground for not answering an Interrogatory or any part thereof, set forth in complete detail each and every fact upon which the privilege is based, including sufficient facts for the Court to make a full determination whether the claim of privilege is valid.

11.    If you claim any form of privilege, whether based on statute or otherwise, as a ground for not describing requested oral communications, state the following with respect to each such communication:  (a) the date thereof; (b) the name, the present or last known home and business addresses and telephone numbers, title (or position) and occupation of each person present during all or any part of the oral communication; (c) a description of the oral communication that is sufficient to identify the particular communication without revealing the information for which a privilege is claimed; and (d) with sufficient specificity to permit the Court to make a full determination whether the claim of privilege is valid, each and every fact or basis on which you claim any such privilege.

12.    Where an Interrogatory calls for the description of a document as to which you claim a privilege, whether based on statute or otherwise, as a ground for not describing the document in question, set forth with respect to the document, in addition to any other

- 4 -

Case ID: 170901560
Control No.: 19020438

information requested, its:  (a) date; (b) author; (c) addressee, if any; (d) title (or position) of

author; (e) type of tangible object (*e.g.*, letter, memorandum, telegram, chart, report, recording

disc, *etc.*); (f) subject matter (without revealing the information as to which the privilege is

claimed); (g) identify each person to whom the document's contents have been communicated by

copy, sketch, exhibition, reading, or substantial summarization and state the date(s) of such

communications; (h) identify each person supplying Cascades's attorneys with the information

requested in subsections (a) through (g) hereof; (h) state the reason for withholding the

document, identifying the paragraph to which it relates, and, explain the basis for the claimed

privilege; and (h) with sufficient specificity to permit the Court to make a full determination

whether the claim of privilege is valid, each and every fact or basis on which you claim such

privilege.

13.     Where an Interrogatory asks for a date or an amount, or any other specific

information, it will not be adequate to state that the precise date, amount or other specific

information is unknown to you where you are capable of approximating the information

requested.

14.     The use of a verb tense includes within its meaning all other tenses of that verb.

15.     All produced documents shall be segregated and identified by the interrogatory to

which they are primarily responsive.  Documents shall be further segregated and identified as

required by particular paragraphs.  Documents that are stored or maintained in files in the normal

course of business shall be produced in those files or in such a manner as to identify the file from

which each was taken.

Case ID: 170901560
Control No.: 19020438

16.     For each Interrogatory, identify any persons providing information responsive to that Interrogatory and state whether the response is based on the personal knowledge of the person providing the information.  If the response is not based on the personal knowledge of the person providing the information, identify the sources (*e.g.*, persons and/or documents) of that information.

## B.     Requests for Production

1.     Cascades is to respond to the instant Requests for Production of Documents within thirty (30) days after service.

2.     The documents requested herein are to be produced at the offices of Plaintiffs' counsel as follows:

JOHN P. KOPESKY, ESQUIRE
Shein Law Center, Ltd.
Twenty-First Floor
121 South Broad Street
Philadelphia, Pennsylvania 19107

3.     The documents requested herein are to be produced as they have been kept in the usual course of business or organized and labeled to correspond to the numbered paragraphs and/or categories of the instant Request for Production.  If there are no documents responsive to a particular numbered paragraph or category, you are requested to so state in writing.

4.     The instant Requests for Production are to be deemed continuing so as to require the additional production of pertinent documents should such documents be discovered or obtained by you between the time your response to the instant Request is filed and the time the above-captioned matter is concluded.

- 6 -

5.      For the purposes of the instant Requests for Production, wherever necessary to insure completeness or accuracy, words importing the masculine gender include the feminine and neuter, words importing the feminine gender include the masculine and neuter, and words importing the neuter gender include the masculine and feminine.

6.      If a document requested herein is withheld by you under a claim of privilege, you are requested to provide a list of each document for which the privilege is claimed and, with respect to each such document, you are requested to provide: (a) the date of the document; (b) the author of the document; (c) the addressee(s) of the document, if any; (d) the title (or position) of the author of the document; (e) the type of tangible object (*e.g.*, letter, memorandum, telegram, chart, report, recording disc, *etc.*); (f) the subject matter of the document (without revealing the information as to which the privilege is claimed); (g) the identity of each person to whom the document's contents have been communicated by copy, sketch, exhibition, reading, or substantial summarization; (h) the date(s) of such communications referred to in subparagraph (g) hereof; (i) the identity of each person supplying Cascades's attorneys with the information requested in subsections (a) through (h) hereof; (h) the reason for withholding the document, identifying the paragraph to which it relates, and, explain the basis for the claimed privilege; and (i) with sufficient specificity to permit the Court to make a full determination whether the claim of privilege is valid, each and every fact or basis on which you claim such privilege.

7.      If any document requested herein has been lost, discarded or destroyed, you are requested to identify each such document as completely as possible, and include in your identification:  (a) the date of the disposal of the document in question; (b) the manner of the disposal of the document in question; (c) the reason for the disposal of the document in question;

- 7 -

(d) the identity of the person authorizing the disposal of the document in question; and (e) the identity of the person disposing of the document in question.

8.     If any document requested herein is in the possession, custody or control of any person other than Cascades, and if Cascades is unable, after the exercise of reasonable efforts, to obtain such documents for production to Plaintiffs, you are requested to identify each such document as completely as possible, and to include in your identification:  (a) the location of the document in question; and (b) the identity of the person having possession, custody or control of the document in question.

## DEFINITIONS[3]

1.     "Cascades" shall mean the defendant herein, self-identified as "Cascades Tissue Group – Pennsylvania, a division of Cascades Holding US Inc." and identified in Plaintiffs' Complaint as:  (a) "Cascades Tissue Group – Pennsylvania, Inc."; (b) "Cascades Tissue, LLC"; and (c) "Cascades Holdings US, Inc."  As used herein, "Cascades" shall also mean and shall include any of the following entities:  (a) "Cascade Tissue Group – PA, Inc.", (b) Cascade Tissue Group PA, Inc.", and (c) "Cascade Tissue Group PA Inc.," or any of its and/or their predecessors or successors.  Finally, as used herein, "Cascades" shall also mean any of its predecessors (including specifically, but not limited to, Pope & Talbot Wis., Inc. and/or Plainwell, Inc.), successors and assigns, and any of its present or former employees, agents and other

---

[3]     The within Definitions are to be deemed to be an integral part of the instant Interrogatories and Requests for the Production of Documents.

Case ID: 170901560
Control No.: 19020438

representatives, including but not limited to employees, representatives, attorneys, accountants and auditors.

2.     The "Ransom Fiber Plant" shall mean the premises at issue in the present case at which plaintiff Shirley Sutter has alleged that she worked from 1997 to 2017, located at 1 Main Street in Ransom, Pennsylvania (18653).

3.     The "Ransom Paper Plant" shall mean the premises at issue in the present case at which plaintiff Glen Sutter has alleged that he worked from 1987 to 1992, located at 1 Main Street in Ransom, Pennsylvania (18653).

4.     The "Relevant Time Period" shall mean the period during which asbestos containing products were first utilized in any fashion at the Ransom Fiber Plant issue and the last year of plaintiff Shirley Sutter's alleged presence at the Ransom Fiber Plant (*i.e.,* 2017, as alleged in Plaintiffs' verified Complaint in this action).

5.     "Asbestos," except where otherwise expressly defined or qualified, shall be construed to mean raw asbestos, asbestos fiber, asbestos-containing products, products and/or equipment in which asbestos is or was a component part thereof, and products and/or equipment which specify asbestos products to be used with and/or as component parts of products.

6.     "Asbestos related disease" shall be construed to mean asbestosis, lung cancer, mesothelioma, pleural disease and/or any disease medically or otherwise related or linked to or associated with asbestos exposure.

7.     "Document" and "writing" are used interchangeably, shall have the same full meaning as in Rule 4009.1 of the Pennsylvania Rules of Civil Procedure, and shall include, but

Case ID: 170901560
Control No.: 19020438

are not limited to:  (a) any written or graphic matter of any kind or character, however produced or reproduced; (b) any electronically or magnetically recorded matter of any kind or character, however produced or reproduced; and (c) any other matter constituting the recording of data or information upon any tangible thing by any means, as well as any tangible thing on which information is recorded in writing, sound, electronic or magnetic impulse, or in any other manner, including but not limited to paper, cards, tapes, film, electronic facsimile, computer storage devices, or any other media.  For the purposes of this definition, "matter" shall include, but shall not be limited to, memoranda, notes, minutes, records, photographs, correspondence, electronic mail, telegrams, diaries, bookkeeping entries, financial statements, tax returns, checks, check stubs, reports, studies, charts, graphs, statements, notebooks, handwritten notes, applications, agreements, books, pamphlets, periodicals, appointment calendars, notes, records and recordings of oral conversations, and work papers, and shall also include, but shall not be limited to, originals and all copies which are different in any way from the original whether by interlineation, receipt stamp notation, indication of copies sent or received, or otherwise, as well as all preliminary versions, drafts or revisions of any of the foregoing and any supporting, underlying, or preparatory material, which are in your possession, custody, or control or in the possession, custody, or control of your present or former agents, representatives, or attorneys, or any and all persons acting on their behalf.

8.     "Person" shall mean any individual, individual proprietorship, corporation, partnership, joint venture, association and any other legal entity, and any director, officer, employee or agent working or acting on behalf thereof, and means both the singular and the plural.

Case ID: 170901560
Control No.: 19020438

9.   "You" and "your" mean Cascades, as defined above, and all persons who, acting either within or outside the scope of their employment or authority: (a) have acted or are acting on behalf of Cascades; (b) were or are employed by Cascades; (c) were or are agents or representatives of Cascades; and (d) were or are in any way associated or affiliated with Cascades.

10.   "And" and "or" shall have both conjunctive and disjunctive meanings.

11.   "All" and "any" mean both each and every.

12.   "Refers to," "relates to," and "reflects" shall mean embodies, pertains to, concerns, constitutes, comprises, or has any logical or factual connection with the subject matter of the Interrogatory in question.

13.   "Employee" refers to any individual currently in the employ of, or at any time employed by, Cascades.

14.   "Identify," "identity," and "identification":

(a)   when used with reference to a natural person, means to set forth in the answer in each instance: (1) that person's full name; (2) that person's business affiliation and position during the relevant time period; (3) that person's present (or last known, with an indication of the date of that latest knowledge) position and business affiliation; (4) the identity of the person whom that person was representing or acting for; (5) that person's present (or last known, with an indication of the date of that latest knowledge) business address; (6) that person's present (or last known, with an indication of the date of that latest knowledge) residence address; and (7) whether that person was ever employed by any party to this action and, if so, the

- 11 -

Case ID: 170901560
Control No.: 19020438

dates on which that person was employed by such party, the name of such party, and the last

position that person held as an employee of such party ;

(b)     when used with reference to a corporation, partnership, association, joint

venture, firm, or other business enterprise or legal entity, means to set forth in the answer in each

instance:  (1) the full name and present (or last known, with an indication of the date of that latest

knowledge) address of such entity; and (2) a brief description of the primary business in which

such entity is engaged.  With respect to any particular entity, the information other than the full

name need be given only once;

(c)     when used with reference to a document or writing, means to set forth in

the answer in each instance:  (1) the type of document (*e.g.*, letter, memorandum, *etc.*); (2) the

date the document was prepared; (3) the identity of the author of the document, and, if different,

the identity of the originator and/or signer of the document; (4) the title, heading or other

designation of the document; (5) the identity of the recipient or recipients of the document,

except in those cases where the document is widely distributed, in which case set forth in the

answer the organization of classes of persons who received the document; (6) any filing or

identifying number of the document; (7) the present location and identity of the custodian of the

document; and (8) the substance of the document's contents; and

(d)     when used in reference to a meeting or to an oral communication, means

to set forth in the answer in each instance:  (1) the date thereof; (2) the place thereof; (3) the

identity of the individual who initiated said meeting or oral communication; (4) the identity of

each person who participated in, or who was present at, any part of or all of said meeting or

communication, or who became privy to the substance of said meeting or oral communication;

(5) the purpose, content, and substance of said meeting or oral communication; (6) whether said

- 12 -

meeting or oral communication occurred in person or by telephone, and, if both, the method by which each individual participated; and (7) the identity of all documents referring to, relating to, or embodying the substance of said meeting or oral communication.

15.     "Date" means the day of the month, the month, and the year.  If the exact date is not known and is not available, give the approximate date and indicate that it is only an approximation.

16.     "Address" means the post-office-box number, street number, street, city, state or province, country (if other than the United States of America), and zip code.

17.     "Identify the sources" means to:  (a) identify all documents, non-written communications, meetings and other facts which support the allegation, contention, belief or answer in question; (b) to state the inferences drawn from each such source which support such allegation, contention, belief or answer; and (c) to identify all persons whom you know or believe to be knowledgeable with respect to the subject matter of such allegation, contention, belief or answer.  Where a source is a public record (*e.g.*, a newspaper, trade journal, judicial or administrative opinion, *etc.*), a quotation and page reference of the material relied upon is to be supplied.

18.     To "state the basis" for an allegation, contention, belief or answer means to identify the sources for such allegation, contention belief or answer and to set forth and explain the nature and application to the relevant facts contained in your response of all pertinent legal theories upon which you rely for your knowledge, information and/or belief that there is good ground to support such allegation, contention, belief or answer.

Case ID: 170901560
Control No.: 19020438

# INTERROGATORIES

1.    Interrogatory No. 1:   State the name, address and official capacity of each person who has supplied information used in answering these interrogatories and indicate for which interrogatory each such person is responsible.

    Answer:

2.    Interrogatory No. 2:   Identify each document that was examined, reviewed and/or used in answering each interrogatory, specify the interrogatory and identify the present custodian of each document.

    Answer:

3.    Request for Production No. 1:   Produce copies of each document identified by you in your answer to Interrogatory No. 2.

    Response:

4.    Interrogatory No. 3:   Provide Cascades's complete corporate history, including its ownership, sale, acquisition, or divestiture, and any mergers, acquisitions, consolidations, or other similar events involving Cascades at any time during its history.

    Answer:

- 14 -

5.     Interrogatory No. 4:   Provide Cascades's complete history with respect its ownership and operation of the Ransom Fiber Plant, including a complete description of the circumstances and manner of Cascades's acquisition of the Ransom Fiber Plant.

Answer:

6.     Request for Production No. 2:   Produce copies of all documents relating to Cascades acquisition of the Ransom Fiber Plant.

Response:

7.     Interrogatory No. 5:   Provide Cascades's complete history with respect its ownership and operation of the Ransom Paper Plant, including a complete description of the circumstances and manner of Cascades's acquisition of the Ransom Paper Plant.

Answer:

8.     Request for Production No. 3:   Produce copies of all documents relating to Cascades acquisition of the Ransom Paper Plant.

Response:

9.     Interrogatory No. 6:   For every policy of liability insurance that has insured Cascades against losses as a result of claims for bodily injury or death from 1987 through 1992 and from 1997 through to the present, please state:

a.     The identity of the insurance carrier or carriers;

b.     The policy number or numbers;

c.     The name of each insured or named insured under the policy or policies;

d.     The name of each additional insured under the policy or policies;

e.     The period of the policy or policies;

- 15 -

f.    The type of policy or policies (claims made, occurrence or other);

g.    The limits of liability/coverage provided by the policy or policies for each occurrence and in the aggregate;

h.    Whether each policy provides for primary or excess coverage and if excess, the limits;

i.    The deductible, if any, for each policy;

j.    The identity of the person having possession of each policy;

k.    If the policy is involved in litigation concerning coverage of asbestos claims, identify the litigation by civil action, index or court number, and by subject matter;

l.    The identity of any exclusions in the policy which you claim are applicable or may be applicable to the claims asserted by Plaintiff, stating the basis for your claim that plaintiffs' claims are or may be excluded from coverage;

m.    Whether the insurance carrier(s) is providing coverage and/or a defense subject to a reservation of rights, setting forth the basis therefore;

n.    Whether the limits identified in subsection (g) are diminished by defense and costs;

o.    Whether the policy has an SIR;

p.    Whether the policy has been exhausted; and

q.    The name and address of the insurance agency or broker through whom the insurance coverage was procured.

<u>Answer:</u>

- 16 -

Case ID: 170901560
Control No.: 19020438

10.     Request for Production No. 4:   All insurance and indemnification agreements or

policies (including primary, excess and/ or umbrella policies) identified in response to

Interrogatory No. 6, including all applicable declaration pages, endorsements and amendments.

    Response:

11.     Interrogatory No. 7:   Identify, by building number or other building designation,

shop or department number, office or room number or other designation, number location or

other designation, *etc.,* each and every physical location at the Ransom Fiber Plant where Shirley

Sutter worked from 1997 to 2017.

    Answer:

12.     Request for Production No. 5:   Please produce full and complete copies of all

blueprints, diagrams and plans showing the location of each building, shop, department, office,

room or other location located at the Ransom Fiber Plant during the years from 1997 to 2017.

    Response:

13.     Interrogatory No. 8:   Identify, by building number or other building designation,

shop or department number, office or room number or other designation, number location or

other designation, *etc.,* each and every physical location at the Ransom Paper Plant where Glen

Sutter worked from 1987 to 1992.

    Answer:

14.     Request for Production No. 6:   Please produce full and complete copies of all

blueprints, diagrams and plans showing the location of each building, shop, department, office,

room or other location located at the Ransom Paper Plant during the years from 1987 to 1992.

    Response:

- 17 -

15.     Interrogatory No. 9:   For each building, shop, department, office, room or other location identified by you in your answer to Interrogatory No. 7, please set forth, by month and year, the periods of time that Shirley Sutter worked in each such building, shop, department, office, room or other location during the years 1997-2017.

Answer:

16.     Request for Production No. 7:   Full and complete copies of all employment, personnel and medical records relating to Shirley Sutter and her employment at the Ransom Fiber Plant.  The request includes, but is not limited to, medical examinations of plaintiff Shirley Sutter, job performance reviews, reprimands (if any), and job assignment information.

Response:

17.     Interrogatory No. 10:   For each building, shop, department, office, room or other location identified by you in your answer to Interrogatory No. 8, please set forth, by month and year, the periods of time that Glen Sutter worked in each such building, shop, department, office, room or other location during the years 1987 to 1992.

Answer:

18.     Request for Production No. 8:   Full and complete copies of all employment, personnel and medical records relating to Glen Sutter and his employment at the Ransom Paper Plant.  The request includes, but is not limited to, medical examinations of plaintiff Glen Sutter, job performance reviews, reprimands (if any), and job assignment information.

Response:

19.     Interrogatory No. 11:   For each building, shop, department, office, room or other location identified by you in your answer to Interrogatory No. 7, please identify any and all

- 18 -

Case ID: 170901560
Control No.: 19020438

asbestos-containing products, equipment and/or materials that were present, utilized, installed,

repaired, maintained or removed at said building, shop, department, office, room or other

location, and include as part of your identification:

        a.     the type of asbestos-containing product, equipment and/or material;

        b.     the brand name of the asbestos-containing product, equipment and/or

material;

        c.     the model number of the asbestos-containing product, equipment and/or

material;

        d.     the identity of the manufacturer of the asbestos-containing product,

equipment and/or material; and

        e.     the identity of the supplier of the brand name of the asbestos-containing

product, equipment and/or material.

        Answer:

20.    Interrogatory No. 12:  For each building, shop, department, office, room or other

location identified by you in your answer to Interrogatory No. 8, please identify any and all

asbestos-containing products, equipment and/or materials that were present, utilized, installed,

repaired, maintained or removed at said building, shop, department, office, room or other

location, and include as part of your identification:

        a.     the type of asbestos-containing product, equipment and/or material;

        b.     the brand name of the asbestos-containing product, equipment and/or

material;

        c.     the model number of the asbestos-containing product, equipment and/or

material;

Case ID: 170901560
Control No.: 19020438

       d.     the identity of the manufacturer of the asbestos-containing product,

equipment and/or material; and

       e.     the identity of the supplier of the brand name of the asbestos-containing

product, equipment and/or material.

       <u>Answer</u>:

21.    <u>Interrogatory No. 13</u>:  For each building, shop, department, office, room or other location identified by you in your answer to Interrogatory No. 7, please identify any and all contractors, subcontractors, installers, employers, material suppliers and equipment suppliers for each such building, shop, department, office, room or other location, and include as part of your identification:

       a.     a description of the work performed; and

       b.     a description of the materials and/or equipment supplied by each

contractor, subcontractor, installer, employer, material supplier and equipment supplier.

       <u>Answer</u>:

22.    <u>Interrogatory No. 14</u>:  For each building, shop, department, office, room or other location identified by you in your answer to Interrogatory No. 8, please identify any and all contractors, subcontractors, installers, employers, material suppliers and equipment suppliers for each such building, shop, department, office, room or other location, and include as part of your identification:

       a.     a description of the work performed; and

       b.     a description of the materials and/or equipment supplied by each

contractor, subcontractor, installer, employer, material supplier and equipment supplier.

       <u>Answer</u>:

Case ID: 170901560
Control No.: 19020438